### BARRON v. WHITE et al.
#### No. 2234.

Court of Civil Appeals of Texas. Eastland.

Jan. 30, 1942.

Thomas & Thomas, of Big Spring, for appellant.

Carl Rountree, of Lamesa, and Dell Barber, of Colorado City, for appellees.

FUNDERBURK, Justice.

Will Barron, a resident of Dawson County, filed this suit in Mitchell County against O. Lambeth, alleged to be a resident of Mitchell County, and against Gus White and W. G. White, residents of

Dawson County. Plaintiff alleged that defendants were partners and that as such they operated a cotton gin in the years 1928, 1929 and 1930 in Dawson County under the name of Lambeth & White Brothers Gin. However, there were alternative allegations as to the constituent members of the alleged partnership. One such alternative was that Gus White and O. Lambeth were the members of the partnership. Another was that W. G. White and O. Lambeth constituted the partnership.

The cause of action attempted to be alleged against all the defendants as partners was one for damages in the sum of $1,500 for conversion of cotton, and for an additional $500, as exemplary damages.

The defendants Gus White and W. G. White, each severally, in proper form and manner, duly filed a plea of privilege to be sued in Dawson County. The defendant O. Lambeth filed a formal answer—general demurrer and general denial. The plaintiff duly filed controverting pleas to the pleas of privilege; but therein alleged no venue facts constituting any exception to the general rule of venue, unless reference to a copy of plaintiff's first amended original petition attached to the controverting plea and the averment that "the allegations contained in such petition are true and correct" constituted, in legal effect, an allegation of essential venue facts.

Upon hearing, the court sustained the pleas of privilege and ordered transfer of the case to Dawson County. Plaintiff has appealed. There are no conclusions of fact or law in the record.

■■ We think it doubtful whether the controverting plea to the pleas of privilege should be regarded as sufficiently alleging the venue facts essential to support the venue in Mitchell County. It is not the ordinary function of plaintiff's petition to allege venue facts. It is the ordinary function of a controverting plea to allege venue facts. If we assume that in adopting, by reference, the petition as part of the controverting pleas and averring that the allegations in the petition are true and correct, the allegations of venue facts, if any, in the petition are thereby in legal effect made allegations of the controverting plea; and that verification of the controverting plea constitutes, in legal effect, verification of the venue facts, if any, alleged in the petition; yet, neverthe-

less, it does not appear from the pleading what, if any, particular exception to the general rule of venue was relied upon to sustain the venue. It may be inferable that exception 4, Vernon's Ann.Civ.St.Art. 1995, was relied upon. If so, and if allegations raising only an inference of the essential facts be sufficient, then every element of the cause of action alleged against O. Lambeth—the alleged resident defendant—was a venue fact. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Was that cause of action against a partnership composed of W. G. White, Gus White and O. Lambeth, or was it against Gus White and O. Lambeth, as otherwise alleged in the alternative, or was it against W. G. White and O. Lambeth as still otherwise alleged in the alternative? It is doubtful, we think, that these inconsistent facts were verified by the affidavit.

We shall not, however, rest our decision upon a question of the insufficiency of the pleadings. We merely call attention to it, lest our opinion be construed to imply an approval of such manner of pleading venue facts.

■ The evidence did not conclusively establish the fact that the defendant O. Lambeth was at the time of filing the suit a resident of Mitchell County. If there was evidence to raise an issue of the fact that O. Lambeth was a resident of Mitchell County at the time of filing the suit, the judgment of the court sustaining the pleas of privilege implies a finding of that fact against plaintiff. Hence, venue of the suit in Mitchell County under exception 4 was not established.

■ The evidence did not establish (as required) all essential elements of a cause of action against O. Lambeth. By his own testimony plaintiff showed that he had known for eight or nine years that the cotton had been shipped to a third party in Houston, Texas, subject to sale by such party upon order of plaintiff. The fact that when after such great lapse of time, plaintiff ordered the consignee to sell the cotton, the latter denied that it had possession of the cotton, or had any knowledge of it, would wholly fail to show a conversion of the cotton by Lambeth or by any of the defendants. So far as the evidence shows, defendants fully acquitted themselves of any liability upon shipping the cotton to the consignee in Houston. There is no evidence that they didn't

ship the cotton, and plaintiff's testimony shows he was advised by some of the defendants eight or nine years before the suit was filed that that had been done. The evidence was wholly insufficient, we think, to show a conversion, or any cause of action based upon conversion.

It is contended by plaintiff that even if the pleas of privilege were properly sustained, the court erred in transferring the case as to defendant Lambeth. Plaintiff did not ask for a severance. By his pleading he had given character to the action as one joint against all the defendants. He undoubtedly had a right to maintain one action to enforce an asserted joint liability. Conceding the cause of action was several, as well as joint, certainly we think that in the absence of a motion by plaintiff to sever or some action to that effect, not shown by the record, plaintiff cannot complain because the court transferred the case as to all defendants sought to be held to a joint liability.

It being our conclusion that no error is shown and that the judgment should be affirmed, it is accordingly so ordered.