**HARRISON v. INGHAM et al.**

No. 11928.

Court of Civil Appeals of Texas. San Antonio.

March 16, 1949.

Rehearing Denied May 11, 1949.

Tom E. Moberly, San Antonio, Ben F. Foster, San Antonio, for appellant.

Stahl & Sohn, San Antonio, Hosea C. Dakan, San Antonio, Ruben R. Lozano, San Antonio, James L. M. Miller, San Antonio, Chas. W. Duke, San Antonio, Heck & Street, San Antonio, for appellees.

W. O. MURRAY, Associate Justice.

This is a suit by B. S. Harrison against Olive Belle Ingham and Cleo T. Davidson, upon a promissory note signed by them as makers, payment of which is secured by builder's and mechanic's contract lien and deed of trust lien upon property known as 122 Furr Drive, San Antonio, Texas, and for foreclosure of said liens, which note was endorsed, transferred and delivered by Van Smith, contractor, payee in said note, to Harrison. The suit also involves the claims of five different furnishers of material and labor in the construction of the improvements upon the property owned by Olive Belle Ingham and Cleo T. Davidson, the makers of the note. Harrison also sued upon a statutory mechanic's lien claim, assigned to him by Smith, contractor, for additional work allegedly done by Smith for said Ingham and Davidson, seeking foreclosure of said statutory mechanic's lien upon the above described property.

The trial was to the court without the intervention of a jury and resulted in a judgment in favor of B. S. Harrison for $9,000 (the principal balance due on the note), less these deductions: $1,927.80 in favor of the makers of the note; $666.80 in favor of Wm. C. Darsey; $798.84 in favor of Harry T. Pitts; $272.30 in favor of John A. Williamson and F. J. Bublitz, partners under the trade name of John A. Williams Company; $269.50 in favor of E. Fishinger and C. F. Bonn, partners under the name of the Alamo Sheet Metal & Roofing Company; and $1,976.51 in favor of A. B. Hawley and J. H. Raybourn, partners under the name of Northside

Building Materials Company, making a recovery on the note of $3,293.58 in favor of appellant, except that $195.33 of this sum is for additional work described in the statutory mechanic's lien; with foreclosure of said contract and deed of trust liens. From that judgment B. S. Harrison has prosecuted this appeal.

The all-important question here presented is whether B. S. Harrison is a holder of this note in due course. It is clear that if B. S. Harrison is a holder in due course he is entitled to recover the full amount now due and owing upon said note, while if he is not such holder in due course, then the makers of the note are entitled to urge any defense they could have urged against the original payee. Continental National Bank of Ft. Worth v. Conner, Tex.Sup., 214 S.W.2d 928.

On or about January 11, 1946, appellees, Olive Belle Ingham and Cleo T. Davidson, as owners of the property known as 122 Furr Drive, San Antonio, Texas, entered into a building contract with Van Smith, as contractor, for the construction of certain improvements upon that property for a total consideration of $14,989.44, to be paid as the work progressed. On April 18, 1946, at which time there was a balance of $9,000 due on said contract, and at the request of Van Smith, the contractor, appellees, Ingham and Davidson, executed a promissory note for $14,989.44, pre-dated to January 14, 1946, with the note showing credits of $5,989.44; and at the same time appellees Ingham and Davidson executed a Builder's & Mechanic's Lien Contract and Deed of Trust. The note recited that it was due on June 1, 1946, and the Builder's & Mechanic's Lien Contract provided that the improvements were to be completed and delivered on or before June 1, 1946, free from all liens and claims of every kind and character. Contractor, Van Smith, testified that on or about April 23, 1946, he endorsed this note to B. S. Harrison and received a check from him in the sum of $6,500 for the purchase of the note. The bank records show that Van Smith deposited the sum of $6,500 in his account on that date and that B. S. Harrison's account was charged with this amount the following day. Van Smith also testified that B. S. Harrison thereafter advanced him, at one time, the sum of $2,000, and at another time, the sum of $2,500, and that both of said advancements were made prior to June 1, 1946. Van Smith also testified that when he delivered the note to B. S. Harrison on April 23, 1946, he also delivered to him the mechanic's lien contract and deed of trust.

On November 29, 1946, Van Smith executed a written transfer and assignment of the note, dated November 29, 1946, to B. S. Harrison and the trial judge found that the note was transferred to Harrison on this date, which was after the note was past due. B. S. Harrison did not testify as to when he purchased the note. In fact, he did not testify at all, either by deposition or otherwise. Harrison had engaged in numerous business transactions with Van Smith and had loaned him money on various occasions. Van Smith gave testimony with reference to other matters at the trial which was not believed by the trial court. The endorsement on the note was not dated. B. S. Harrison was eighty-one or eighty-two years of age and hard of hearing, but it was not shown that this prevented him from testifying.

On January 6, 1947, one of the attorneys for B. S. Harrison wrote to the Texas Title Company (Attention Mr. Boyd Smith) a letter calling attention to the written transfer of November 29, 1946, and in that connection stated: "Mr. Harrison has advanced Mr. Van Smith a considerable amount of money and Mr. Smith has promised to pay Mr. Harrison all amounts that he realizes from the Davidson-Ingham transaction."

This statement, made by B. S. Harrison's attorney long after the maturity date of the note, is in direct conflict with the testimony of Van Smith that he had sold the note before maturity to B. S. Harrison for the sum of $6,500.

In his original petition, B. S. Harrison alleged that he had acquired this note on November 29, 1946, which was after the maturity date. In his amended petition

and after certain defenses had been pleaded to the note, he changed this and alleged that he acquired the note on April 23, 1946.

■ We are of the opinion that this testimony did not establish as a matter of law that the note was sold to B. S. Harrison before maturity, but simply raised an issue of fact to be determined by the trier of facts. The trier of facts has determined that B. S. Harrison was not a holder in due course of the note but acquired it after maturity. Continental National Bank of Ft. Worth v. Conner, Tex.Sup., 214 S.W.2d 928.

■ It is true that the note, though given for labor to be performed and material to be furnished, as disclosed by the contract, in connection with which the note was executed, nevertheless, was a negotiable instrument. Continental National Bank of Ft. Worth v. Conner, supra; 13 Tex.Law Review 278, and 14 Tex.Law Review 307.

■ It is also true that the holder of a negotiable instrument is presumed to have acquired such instrument prior to maturity, until the contrary appears from the evidence. Art. 5935, § 59, Vernon's Ann.Civ. Stats.; Continental National Bank of Fort Worth v. Conner, supra.

■ Here we have a written transfer of this note executed on November 29, 1946, by Van Smith, some five months after the due date of the note. In this written transfer we find the following: "I (Van Smith) covenant that there is now owing on said debt and lien aforesaid the principal sum of Nine Thousand Dollars ($9,-000.00) together with interest as provided in said note from its date until paid; that I am the legal holder thereof, and have good right to sell the same."

This statement in the written transfer is in direct contradiction to the testimony given by Van Smith at the trial that he had transferred the note in April, 1946. The written transfer signed by Van Smith on November 29, 1946, and acknowledged by him before a notary public on January 6, 1947, was sufficient to show that the note was transferred on November 29, 1946, and overcame the presumption that it was transferred before maturity. The fact that B. S. Harrison first alleged that he acquired this note on that date corroborates the fact that the note was transferred after maturity. The fact that B. S. Harrison did not testify is another fact which supports the finding of the trial judge. The fact that Van Smith testified that he sold this note of the face value of $9,000 for the sum of $6,500, with nothing in the record to show why he should allow such a large discount on the note, is another circumstance casting doubt on the testimony of Van Smith. The trier of facts having presumedly weighed all of this testimony, as well as other facts and circumstances in the case and having come to the conclusion that the written transfer recited the true date of the transfer of the note, we are bound by such conclusion and it cannot be here disturbed.

■ B. S. Harrison having acquired this note after maturity he took it subject to all defenses that could have been urged against the original payee of the note.

Appellant makes no contention that in the event he is not a holder in due course, that the judgment in favor of appellees Ingham and Davidson for damages and offset in the sum of $1,927.80 and the denial of his claim for extras in the sum of $3,211.52 is not supported by the evidence, or that the trial court erred in any manner in that regard, so we approve, without discussion, this part of the judgment, since we have upheld the trial court's finding that appellant, B. S. Harrison, was not a holder in due course of the note.

■ B. S. Harrison not being a holder in due course of the note can recover from appellees Ingham and Davidson only to the extent that Van Smith himself could recover for his work done under the mechanic's lien contract. Art. 5933, § 27, Vernon's Ann.Civ.Stats; Continental National Bank of Ft. Worth v. Conner, Tex. Sup., 214 S.W.2d 928.

■ The five sub-contractors, who had furnished material and labor to Van Smith and who had not been paid for this work

and material, were entitled to recover against Van Smith, and therefore the trial judge properly rendered judgment in their favor herein.

■ However, we are of the opinion that the court did err in not allowing the 10% attorney's fees provided for in the note, and also the 10% interest on all past due principal owing upon the note. We cannot agree that appellees Ingham and Davidson made a tender of the amount due on the note before the note was placed in the hands of an attorney for collection. It is true that they attempted to close the loan on the property at 122 Furr Drive for the purpose of making payment of the note, but failed to close the deal. This good faith effort to get the money does not amount to a tender of payment of the note. The note provided for 10% attorney's fees upon the happening of a certain contingency and that contingency happened and the attorney's fees are now due. Roberts v. J. B. Colt Co., Tex.Civ.App., 31 S.W.2d 196.

The note, by its expressed terms, became due June 1, 1946, and provided for 10% interest after maturity and the trial court erred in not allowing interest at the rate of 10% per annum from June 1, 1946, until paid.

The judgment will be amended so as to allow 10% attorney's fees and 10% interest from and after June 1, 1946, and the judgment as thus amended will be affirmed. The costs of this appeal are taxed against appellees Ingham and Davidson.

### On Motions for Rehearing.

■ It now appears that we did not make the holding of this Court clear in our original opinion as to the 10% attorney's fees and the 10% interest. It was our original holding, and is our present one, that appellant be allowed to recover the 10% attorney's fees and 10% interest only upon that part of the principal of the note which is ultimately due to him, which is the principal sum of $3,293.58.

We are now of the opinion that, under the facts and circumstances of this appeal, all the costs of the appeal should not be paid by appellees, but that they should be paid one-half by appellant and the other half by appellees.

The judgment heretofore entered by this Court will be set aside and judgment entered as above indicated.

Appellant's motion for a rehearing has been considered and is in all things overruled.

Appellees' motion for a rehearing has been considered and is overruled, except that it is granted to the extent that appellant and appellees are each required to pay one-half of the costs incurred in connection with this appeal.