**TAYLOR et al. v. AUSTIN et al.**

No. 12090.

Court of Civil Appeals of Texas. Galveston.

June 16, 1949.

John A. Croom, of Houston, for appellants.

Strong, Baker & Compton, of Houston, for appellees.

**934**

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, sitting without a jury, decreeing that the appellants, whose corporate name was "Most Worshipful King Solomon Grand Lodge Ancient Free and Accepted Masons and Queen Esther Grand Chapter Order of the Eastern Star and Daughters of the Sphinx", were not entitled to an injunction preventing the appellees, whose corporate name was "King Solomon Grand Lodge of Ancient Free and Accepted Scot Rite Masons Colored of Texas", from using the latter's name on the ground that such use was an infringement upon the previously-acquired rights of the appellants to use their own name.

The material recitations in the judgment were these:

"It appearing to the Court that there is no evidence warranting the conclusion that defendants (appellees) selected the name King Solomon Grand Lodge of Ancient Free and Accepted Scot Rite Masons Colored of Texas with the intention that its order should be understood and supposed to be the plaintiffs' (appellants') order, and that there was no motive on the part of defendants in selecting said name to mislead or deceive persons, to the injury of plaintiffs. It further appearing to the Court that there is sufficient dissimilarity in the names of the two organizations involved in this cause to deny the injunctive-relief sought by plaintiffs."

The court supported such decree by findings of fact and conclusions of law, filed at the request of the appellants, detailing its reasons for the judgment adverse to appellants, and the latter neither excepted thereto, nor requested additional findings of either sort.

Appellants, while, as indicated, in no way successfully impeaching the trial court's findings of fact, protest against its judgment in some 9 points of error, the substance of which is reflected in their 6th to 9th points, inclusive, which are as follows:

"Sixth Point. The trial court erred in failing to hold that the name of the appellant corporation and the name of the appellee corporation were so similar that deception and mistake would naturally and probably result.

"Seventh Point. The two corporate names in controversy being before the trial court, it became a matter-of-law as to whether or not there was sufficient similarity that mistake and deception would naturally and probably result, the trial court erred in failing to hold, as a matter-of-law, that confusion, mistake, or deception, would naturally follow.

"Eighth Point. The trial court erred in finding that the public was not being deceived or misled to believe that the appellee-organization was the appellant-organization, such finding being against the overwhelming weight and preponderance of the evidence.

"Ninth Point. The trial court erred in finding, in its conclusions-of-law, that appellants should be denied injunctive-relief, because there was no motive on part of the appellee to mislead or deceive persons to the injury of appellants, for the reason that motive, intent, and injury are not necessary elements of, or prerequisites to, relief, as prayed for by appellants."

In limine, it must be held that the trial court's stated findings of fact are binding upon this court, to the same effect as the verdict of a jury would have been in the circumstances, under these authorities:

City State Bank in Wellington v. Wellington Independent School District, Tex.Civ. App., 173 S.W.2d 738, affirmed 142 Tex. 344, 178 S.W.2d 114; Rule 296 of Texas Rules of Civil Procedure, entitled Conclusions of Fact and Law: Rule 298 of Texas Rules of Civil Procedure, entitled Additional or Amended Findings.

Both of these litigants were Negro masonic lodges, appellants having been chartered in 1942 and appellees in 1947, at all times operating under their separate and distinct corporate names, as so given them, and there was neither pleading nor evidence raising below any contention that the appellees ever used the name of appellants in the conduct of their lodge; but the conclusive finding of the trial court was to the effect that the appellees used their indi-

vidual name as given, and also at all times held themselves out as being a separate and distinct organization from that of appellants.

In the state of the record, it would therefore seem to result that the only question of law presented to this court is: whether or not the names of the two organizations were so similar that they would, as a matter of law, confuse or mislead the public—that is, lead the public to believe that the orders were the same, and that ordinary persons, using ordinary care, would think them identical, or two names for the same order or branches thereof, to the extent that there would result a tendency in the public to become members of appellees' order, when they really wanted to join that of the appellants.

In other words, upon the facts, as they must thus be regarded here, the rules of law applicable to the resulting situation are thought to have been heretofore determined, upon the legal equivalent of such facts, adversely to the appellants' contentions, by our Texas courts in the case of Free & Accepted Masons of State of Texas v. Ancient Free & Accepted Masons, Colored et al., Tex.Civ.App., 179 S.W. 265, writ of error refused.

That opinion, by the Court of Civil Appeals at Dallas, at length reviewed the authorities, and stated the rule to be as already summarized. As indicated, the Supreme Court refused a writ of error to that Court in that cause.

It is true that appellants, in their reply brief, in reference to that opinion—perhaps thinking that no writ of error had been applied for therein—contended that it had been overruled, in effect, by the Supreme Court, in passing upon another case: to-wit, Grand Temple, etc., v. Independent Order, etc., Tex.Com.App., 44 S.W.2d 973, hence had been eliminated as authority.

But an examination of the Supreme Court's opinion in the last-cited cause, Grand Temple, etc., v. Independent Order, etc., Tex.Com.App., 44 S.W.2d 973, shows that it not only makes no reference to the Dallas Court's prior holding in the Free & Accepted Masons of State of Texas v. Ancient Free & Accepted Masons, Colored case, Tex.Civ.App., 179 S.W. 265, but further goes on to recite wholly different facts as undisputedly appearing in that record—notwithstanding a jury's verdict to the contrary—showing that, in that instance, the similarity in names did as a fact actually result in confusion, and did tend to and did actually deceive the public and public officers.

Wherefore, so finding, the Supreme Court reversed the judgment, and rendered the cause the other way, holding that that was an instance of similarity of names, as a matter of law.

That cause, as so found by the Supreme Court to have existed in the Grand Temple and Tabernacle case, is a far cry from the situation shown by the record here.

In other words, it is held that there was no reversible error in the trial court's first conclusion of law to this effect:

"I. There is a sufficient dissimilarity in the name of plaintiffs' order, Most Worshipful King Solomon Grand Lodge Ancient Free and Accepted Masons and Queen Esther Grand Chapter Order of the Eastern Star and Daughters of the Sphinx, and the defendants' order, King Solomon Grand Lodge Ancient Free and Accepted Scot Rite Masons Colored of Texas, as not to cause the public to understand, or suppose, that they are one and the same organization."

The judgment will be affirmed.

Affirmed.