## TRAHAN v. MARVIN DISTRIBUTING CORPORATION.

### No. 12114.

Court of Civil Appeals of Texas. Galveston.
July 28, 1949.

Rehearing Denied Sept. 29, 1949.

Godard & Dazey, Texas City, for appellant.

Ross, Banks & May, Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the County Court at Law of Harris County, sitting without a jury, overruling the appellant's plea of privilege to be sued in the county of his residence, Galveston, and awarding the appellee a $657.61 recovery against the appellant, together with 6% per annum interest thereon from that date, as being the amount found by the court to have been justly due the appellee by the appellant upon an itemized verified account sued upon by the appellee.

The court supported its judgment by findings of fact and conclusions of law, the most material of which were these:

"Findings of Fact. * * *

"3. On and after April 30, 1948, defendant (appellant) ordered and received from Plaintiff (appellee) six shipments of goods, wares and merchandise of the total value and price of $657.61, and that one of such shipments under date of May 11, 1948, Invoice No. 1926, was for two (2) only B22B2 Climax fans, two speed, at a price of $66.97 each, or a total of $133.94, which merchandise was ordered ·by Defendant by written order signed by said defendant.

"4. That such written order, as described in Paragraph 3 above, reads, in part as follows: 'It is hereby agreed that this and all other bills due Texas Farm Supply Co., whether prior hereto or subsequent, is payable at Houston, Harris County, Texas.' and has stamped at the top thereof the following: 'Marvins Distributing Corp. formerly—Texas Farm Supply Co., Houston, Texas.'

"5. That Plaintiff filed suit upon verified account, to which Defendant filed no answer, but did file a Plea of Privilege, which was duly controverted by Plaintiff, alleging the execution of such written order, and Defendant did not file further pleading, and did not deny the execution of the writing.* * *

"7. That Defendant is indebted to Plaintiff in the sum of $657.61, and promised in writing to pay a portion, if not all, of said account to the Plaintiff in Houston, Harris County, Texas.

"8. That Defendant had due notice that this cause would be heard both upon the Plea of Privilege and upon the merits on the date of setting, to-wit: April 15, 1949, and was represented in Court during all of said proceedings.

"Conclusions of Law. 1. That Defendant is indebted to the Plaintiff in the sum of $657.61.

"2. That Defendants written promise to pay such account, and particularly the sum of $133.94, a part of said account, in Houston, Harris County, Texas, brings this cause within the meaning of Subdivision 5 of Article 1995 of the Revised Civil Statutes of Texas.

"3. That Defendant's Plea of Privilege ought to be overruled.

"4. That Plaintiff ought to recover of said Defendant judgment for the sum of Six Hundred Fifty Seven & 61/100 ($657.-61) Dollars, and all costs."

Appellant inveighs here against the result so adverse to him below under three points of error, which may be condensed as follows:

The court, after having first sustained appellant's plea of privilege on January 7 of 1949, erred:

(1) In having granted the appellee's motion for an new trial, and then overruled such plea on April 15 of 1949, where the motion failed to specify the grounds upon which the same was predicated, etc.

(2) In overruling the apellant's plea of privilege after the new trial on April 15, 1949, and finding that the cause was brought within the meaning of Subdivision 5, R.S. Art. 1995, Vernon's Ann.Civ.St. art. 1995, subd. 5, the appellee's petition having made no reference to any written contract.

(3) In forcing the appellant to a trial on the merits of the cause, simultaneously with the hearing on his plea of privilege, etc.

None of these presentments, it is determined, should be sustained.

■ In the first place, it is a misnomer to say that the motion made by the appellee here for new trial upon the lower court's original order of January 7 of 1949, which had at that time sustained the appellant's plea of privilege to be sued in his home county of Galveston, on the contention that such motion failed to specify the grounds upon which it was predicated; indeed, the contrary affirmatively appears, since the appellee's new trial motion contained this direct specification of the ground upon which it was based:

"The Court's Judgment sustaining the Plea of Privilege of the defendant is contrary to the law and evidence, because the evidence showed that defendant had contracted to perform an obligation in Harris County, Texas, such contract being written

and therefore constituting an exception to exclusive venue in the County of Defendant's residence." Rules 86 and 93, Texas Rules Civil Procedure; W. T. Rawleigh Co. v. Sherley, Tex.Civ.App., 165 S.W.2d 465.

In the second place, since none of the quoted findings of fact have been in any way attacked in this Court—indeed, since the appellant never at any time filed any answering pleadings in the trial court in response to the appellee's suit against him there, other than his mere dilatory plea of privilege—the trial court's entire findings of fact are binding upon this Court on the appeal.

Wherefore, in the face of its recited finding therein that appellant contracted in writing to perform the obligation herein sued upon in Harris County within the meaning of Subdivision 5, Art. 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. Art. 1995, subd. 5, this Court is unable to find otherwise.

It was, therefore, not only proper for the court to retain the venue in Harris County, but any other order would have constituted reversible error. Rule 90, Texas Rules Civil Procedure; Petroleum Producers Co. v. Steffens et al., 139 Tex. 257, 162 S.W.2d 698; Barrow v. White, Tex.Civ.App., 158 S.W.2d 900; Hargrove v. Koepke, Tex. Civ.App., 210 S.W.2d 434.

In the third place, since, as recited, the appellant only filed a plea of privilege in this suit to be sued in his home county of Galveston, but never did at any time file an answer on the merits of the appellee's declared upon cause of action against him, it clearly was not error for the trial court to enter a judgment in the appellee's behalf on its declared upon cause of action, under the uncontested findings of fact quoted as to the written contract between the parties, after first overruling the appellant's plea of privilege.

As such findings have substantially recited, appellant had been given due notice in advance that his plea of privilege would be heard on April 15 of 1949, and that the cause would be tried on its merits on the same date; notwithstanding that advice to him ahead of time, the appellant failed to object thereto, or even then to file any answer upon the merits of the cause; thereupon, on that date, the trial court first announced its order overruling appellant's plea of privilege, and then, in a separate order, awarded judgment for the appellee on the merits, in the absence of any defenses having been presented.

This procedure was certainly not in contravention of any right of the appellant. Rule 185, Texas Rules Civil Procedure; Universal Credit Co. v. Richey, Tex.Civ. App., 123 S.W.2d 963.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.