## THOMPSON v. LARRY LIGHTNER, Inc., et al.

### No. 12043.

Court of Civil Appeals of Texas. San Antonio.

May 3, 1950.

Rehearing Denied May 31, 1950.

Kleberg, Eckhardt, Mobley, Lockett & Weil, Corpus Christi, for appellant.

Ward & Brown, Corpus Christi, for appellees.

BROETER, Justice.

Larry Lightner, Inc., a private corporation, and other private corporations, joined by C. D. Kirk & Company, a partnership, and the Shippers Traffic Service, also a partnership, filed this suit against Guy A. Thompson, Trustee for The St. Louis, Brownsville and Mexico Railway Company, and as trustee for other railway companies, praying for a declaratory judgment that certain acts performed by Shippers Traffic Service, as plaintiffs' representative, in preparing, presenting and collecting claims for plaintiffs on account of loss and damage to produce shipped over the railroads of defendants and their connecting carriers do not constitute a violation of Article 430a of Vernon's Penal Code of Texas, now repealed.

Abe M. Katz Company, a private corporation, and other corporations and partnerships intervened and prayed for a declaratory judgment that the acts set forth in plaintiffs' original petition are not in violation of the statute.

Guy A. Thompson, Trustee, filed an answer containing a general denial and a cross-action, and prayed that plaintiffs be

denied the adjudication prayed for by them, and prayed for an adjudication declaring that cross-defendants are guilty of barratry and the unlawful practice of law and have no right to institute, prosecute or otherwise deal with claims or suits against cross-plaintiff. By a first amended cross-action said Guy A. Thompson, Trustee, alleged that neither J. C. Yancey or D. A. Crossley, who are members of Shippers Traffic Service, are licensed to practice law in Texas, and specifically alleged certain acts they had performed and were performing which constituted the unlawful practice of law contrary to the common law and statutory law of the State of Texas and Rules of the Supreme Court of Texas and Art. 430a of the Penal Code of Texas, now repealed, and also constituted the offense of barratry as defined by Article 430 of said Penal Code, and reciting that cross-plaintiff is entitled to, and prayed for, an injunction enjoining cross-defendants, their agents, servants and employees from performing certain specific acts and from practicing law, and for general relief. Plaintiffs filed an answer to defendant's first amended cross-action, which contains a general and several special denials and allegations setting out in detail the services they perform for shippers in collecting claims, which they claim do not constitute the unlawful practice of law and are not in violation of any statute, and pray that defendant take nothing by his cross-action and be denied a writ of injunction.

The case was tried by the court without a jury and judgment rendered that plaintiffs and interveners take nothing by their suit for declaratory judgment and that defendant be denied any recovery on his cross-action. From this judgment Guy A. Thompson, Trustee, as aforesaid, alone appealed.

Larry Lightner, Inc., appellees, present counterpoint No. 1, as follows:

"Appellants have not shown themselves entitled to injunctive relief."

We are of the opinion that appellees' counter-point No. 1 is sound, and that by reason thereof it is not necessary for us to decide whether the operations of the Shippers Traffic Service constitute the unauthorized practice of law.

It is apparent from the statement hereinabove made and from the pleadings in this case and the judgment rendered in the trial court, that the appeal of this cause in its final analysis has resolved itself into a suit for an injunction on the part of Guy A. Thompson, Trustee, against Larry Lightner, Inc., the Shippers Traffic Service and others. The pleadings do not show that any of the petitioners for such injunctive relief are lawyers, or that they are in any way connected with any bar association or committee representing any bar association.

The trial court, by his finding of fact No. 24, found: "Defendant's property rights have not been invaded, nor has defendant suffered any pecuniary loss or injury because of any acts of Shippers Traffic Service."

This finding of fact has not been challenged in appellant's brief. No point is presented to us bringing to us for decision the correctness of such finding. We do find in the record an objection to such finding, which was overruled, but no point is made on such ruling in appellant's brief, and we therefore must conclude that same is correct and we are bound thereby. Curry v. E. E. Stone Lumber Co., Tex.Civ. App., 218 S.W.2d 293; Taylor v. Austin, Tex.Civ.App., 221 S.W.2d 933; Trahan v. Marvin Distributing Corp., Tex.Civ.App., 222 S.W.2d 1021; Harrison v. Ingham, Tex.Civ.App., 223 S.W.2d 267. The appellant not having shown that he suffered any invasion of his property rights is not entitled to injunctive relief. McCloskey v. San Antonio Traction Co., Tex.Civ.App., 192 S.W. 1116, paragraphs 4, 5 and 6.

We do not wish this opinion to be construed as a holding that the Shippers Traffic Service was not engaged in the practice of law, concerning which we here express no opinion one way or the other, but it is limited to the right of injunctive relief prayed for by Guy A. Thompson, Trustee, which we have determined was correctly denied.

It is therefore not necessary for us to pass upon any other point. The judgment is affirmed.