**NATIONAL CARLOADING COR-
PORATION, Appellant,**

v.

**KITCHEN DESIGNS, INC., Appellee.**

**No. 8047.**

Court of Civil Appeals of Texas,
Texarkana.

July 27, 1971.

---

Jack L. Coke, Jr., Phinney, Hallman, Pulley & Livingstone, Dallas, for appellant.

Paul J. Chitwood, Chitwood & Riley, Dallas, for appellee.

CHADICK, Chief Justice.

This is an appeal from the judgment entered in a suit brought by Kitchen Designs,

Inc., against National Carloading Corporation in the 44th District Court of Dallas County, Texas. The suit was for damages to an interstate shipment of kitchen cabinets that had been shipped under a bill of lading issued by National Carloading Corporation. The action was brought pursuant to the provisions of Sec. 20(11) Title 49, United States Code. Trial was a non-jury proceeding. Judgment was rendered against National Carloading Corporation in the sum of $1,249.72, and that corporation has perfected an appeal.

The trial court filed the following findings of fact:

"1. Defendant is a common carrier freight forwarder and is certificated as such by the Interstate Commerce Commission.

2. On the 9th day of July, 1969, Defendant issued a uniform straight bill of lading to National Industries at Odenton, Maryland, for the transportation of twenty-two cartons containing kitchen cabinets.

3. Defendant herein acknowledged receipt of the kitchen cabinets in 'apparent good order'.

4. The said kitchen cabinets were in good order when tendered to the carrier by National Industries at Odenton, Maryland.

5. Defendant transported the kitchen cabinets from Odenton, Maryland, to Dallas, Texas.

6. The kitchen cabinets were damaged when delivered by Defendant to Plaintiff at Dallas.

7. Defendant accepted all of the kitchen cabinets as salvage.

8. The transportation charges for the movement of the kitchen cabinets from Odenton, Maryland, to Dallas, Texas, were paid by Plaintiff.

9. The fair market value of the kitchen cabinets in Dallas, Texas, at the time of delivery and in good condition was $1,249.72.

10. The fair market value of the kitchen cabinets in Dallas, Texas, on August 13, 1969 (the delivery date) was nothing.

11. There was no inherent defect in the manufacture of the kitchen cabinets.

12. Plaintiff filed its claim with Defendant for the damages suffered within nine months of the date of delivery.

13. Defendant declined the claim of Plaintiff and the claim has not been paid."

The National Carloading Corporation as appellant has briefed four points of error, to-wit:

"First Point of Error—The Appellee failed to maintain its burden of proof in the trial court.

"Second Point of Error—The record in the trial court will not support the judgment entered.

"Third Point of Error—The Appellee failed to prove that the shipper properly prepared and packaged the goods in a manner sufficient to allow them to withstand ordinary handling while in transit.

"Fourth Point of Error—The Court erred in failing to find that the damage to the goods was due to their inherent nature."

and in response Kitchen Designs, Inc., as appellee, has briefed the following counterpoints:

"Reply Point Number One—This case should be affirmed because the material findings of fact filed by the trial court support the judgment and are unchallenged by appellant in its brief and appellant is thereby bound by such findings.

Reply Point Number Two—This case should be affirmed because any omitted

findings to support the judgment are to be presumed, if such findings are supported by the evidence."

Initially the merit of appellee's first counterpoint must be determined. Appellee takes an unyielding stand that appellant, National Carloading Corporation is bound by the trial court's findings of fact because that entity failed to challenge the findings by appropriate points in its brief. In support of this contention only Cortez v. Cortez, 457 S.W.2d 131 (Tex.Civ.App. San Antonio 1970, no writ) is cited. This excerpt from that case is emphasized: "Material findings of fact must be challenged by appropriate points in appellant's brief or else appellant is bound by such findings." As authority the opinion therein cites Kroger Co. v. Warren, 420 S.W.2d 218 (Tex.Civ.App. Houston 1st Dist., 1967 no writ); Curtis v. National Cash Register Co., 429 S.W.2d 909 (Tex.Civ.App. Amarillo 1968, writ ref'd, n. r. e.); Curry v. E. E. Stone Lumber Co., 218 S.W.2d 293 (Tex.Civ.App. El Paso 1948, writ ref'd, n. r. e.). See also other cases touching upon the subject, such as Waters v. King, 353 S.W.2d 326 (Tex.Civ.App. Dallas 1961, no writ); Ferrier v. Caprock Machinery Company, 350 S.W.2d 224 (Tex.Civ.App. Amarillo 1961); Thompson v. Larry Lightner Inc., 230 S.W.2d 831 (Tex.Civ. App. San Antonio 1950, wr. ref'd, n. r. e.); Taylor v. Austin, 221 S.W.2d 933 (Tex.Civ. App. Galveston 1949); Trahan v. Marvin Distributing Corporation, 222 S.W.2d 1021 (Tex.Civ.App. Galveston 1949); Harrison v. Ingham, 223 S.W.2d 267 (Tex.Civ.App. San Antonio 1949); and Tex.R.Civ.P. 418 (1955). An analysis of the cases and the rule will not be undertaken, but for the reasons next discussed a review of the facts will be made.

█ The appellant's brief grouped the first and second points of error for joint consideration and the argument is made under such points that (1) there is no evidence to show the actual condition of the cabinets within the cartons at the time the cabinets were tendered to the initial carrier at point of origin, and (2) that there is no evidence to show the condition of the cabinets at destination. It may be seen by reference to the findings of fact quoted in an earlier paragraph that the trial judge's determination of these two fact issues was made a part of the formal findings of fact incorporated in the appeal record. Finding No. 4 is that the cabinets were in good order when tendered, and finding No. 6 is that the cabinets were damaged when delivered at destination. A point of error should succinctly designate or describe and thereby segregate the particular act, omission, conduct or circumstance in the trial court that is urged as reversible error. The points' function is to particularize and direct the appellate court's attention to a specific error in the trial proceeding. Tex. R.Civ.P. 418, General Commentary, Vol. 4, p. 573 (1955); Lang v. Harwood, 145 S.W.2d 945 (Tex.Civ.App. Waco 1940, no writ); Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943). Unquestionably, clarity would have been served in this instance if the appellant had stated as a point of error that the case should be reversed because there was no evidence to support the trial court's finding No. 4; and a like point with respect to finding No. 6. However, Frambrough, supra calls for the reviewing court to pass on the sufficiency of a point in the context of the statement and argument thereunder. See Federal Underwriters Exchange v. Lynch, 140 Tex. 516, 168 S.W.2d 653 (Tex.Com. App.1943). This procedure will be followed even though in this instance the points are technically imperfect and multifarious. To do so seemingly relegates Sec. (b) of Rule 418 pertaining to the content of a point of error in a brief to little more than a formal suggestion rather than a briefing requirement, but there is justification as the statement and argument under the points makes the appellant's contention perfectly clear.

█ Appellant's argument implies a construction that the first two points of error raise *no evidence* questions. Treatment

here will be consistent with that implication. The question of whether or not there is evidence to support a conclusion that the cabinets were in good condition when tendered for shipment will be first considered. Herbert L. Andrews, Robert W. Colletti, and D. M. DiFatta, each an employee of National Industries, Inc., the consignee of the kitchen cabinets, responded to written interrogatories propounded to each of them by counsel for Kitchen Designs, Inc. The interrogatories were processed by the same notary, and answers given to interrogatories numbers 6 and 7 were identical. Interrogatory number 6 was as follows:

"If the answer to either of the two preceding questions is yes, what was the condition of the merchandise at the time it was inspected or packed?"

Each answered, "Prime first class condition."

The seventh interrogatory:

"Did you personally tender this shipment of merchandise shipped under National Industries' Invoice No. 59161 to the freight company?"

Each answered: "No, but cartoned cabinets were in good condition."

The eighth interrogatory:

"If the answer to the previous question is yes, what was the condition of the merchandise at the time it was tendered to the freight company?"

Each witness omitted an answer.

The response of these three witnesses to the question propounded constitutes some evidence that the merchandise was in good condition at the time it was tendered the freight company when considered along with the admission that the cabinets were tendered on July 9, 1969, to defendant for shipment. The question assumes and implies a tender of shipment was made and the witnesses's response denies the witness personally made the tender, but asserts that the cabinets were in good condition when tendered to the carrier. Other answers established that none of the witnesses personally tendered the merchandise for shipment, and that they did not know when it was picked up by the freight company or what the time lapse was between packaging and tender to the carrier. An employee in a warehouse could very reasonably know the condition of goods when tendered without personally making the tender or being acquainted with the other specifics inquired about. In any event, the trial judge as trier of facts could draw a legitimate inference from the answers to interrogatory No. 7 that the cabinets were in good condition when tendered for carriage.

Next to be considered is whether or not there is evidence to show the condition of the cabinets at destination. When received in Dallas the carriers directed a drayage firm to deliver the packaged cabinets to a residential address where the cabinets were to be installed. The housewife at this address accepted delivery and executed a receipt stating that the goods were received in good condition without making an examination, other than to open one carton to determine whether or not the style and color were satisfactory. The drayage employees stacked the cartons in a detached garage building and according to the evidence they so remained until installation was to begin some eighteen days later. When some of the cartons were opened preliminary to installation it was found that several of the cabinets were severely damaged. Notice to the carrier was immediately given and claim proceedings instituted. Additionally, there is evidence that the housewife who accepted the shipment did not maintain a constant vigil over the material stored in her garage, but she or some member of the family was on the premises at all times, and there is no evidence that the packages were tampered with or touched prior to opening for installation some eighteen days after delivery. The trial court might reasonably conclude from these facts and circumstances and the reasonable inferences to be drawn from

them that the cabinets were not in good condition at the time the carrier made delivery.

 Appellee concedes that the shipper was obligated to package the cabinet in a manner sufficient to allow them to withstand ordinary handling while in transit. By its third point of error, appellant assumes the burden of exhibiting evidence from the record that shows as a matter of law that the packaging was deficient. There is evidence tending to prove the packaging could not withstand ordinary handling, but there is other evidence that tends to prove sufficient packaging. A witness with eleven years' experience in kitchen cabinet installation testified that during such time he had occasion to see many shipments of cabinet components; that he had examined such shipments after transportation and was familiar with the packaging of like products. On the basis of his knowledge and experience he was of the opinion that the packaging in this instance was better than average. There is also evidence that the Interstate Commerce Commission sets standards for packaging and that the carrier was permitted to refuse carriage when packaging was not up to the prescribed standards. The evidence as a whole created a fact issue for resolution by the trial judge, because reasonable minds might differ as to the conclusion to be drawn from the proof tendered. The point is overruled.

Appellant's fourth point of error is also overruled. There is some evidence from an interested witness that the construction material in the damaged cabinets was a formulation of sawdust and glue, would not hold screws, and was brittle and disintegrated under pressure. Testimony from this witness also suggested that the cartons in which the cabinets were packaged would have stood up better if strengthened in certain areas, or if made of metal or a stronger material. But again it must be borne in mind that the trial judge as trier of the facts had the prerogative of determining the credibility of the witnesses and the weight to be given the testimony. The Testimony of a representative of the carrier in the respect noted did nothing more than raise an issue of fact.

Appellant's points of error are overruled and the judgment of the trial court affirmed.