## OGDEN L. & I. RY. CO. v. JONES et al.

No. 2006.    Decided October 4, 1917.    Rehearing denied November 10, 1917.    (168 Pac. 548.)

1. EMINENT DOMAIN—APPEARANCE IN CONDEMNATION PROCEEDINGS. In a railroad's proceedings to condemn land, where the landowner's counsel went into open court and there stipulated that the court might enter an order for occupancy, agreeing to the amount of the bond, and thereafter stipulated with the road's counsel for time to answer, there was a general appearance by the landowner. (Page 67.)

2. EMINENT DOMAIN—VALUE OF LAND SOUGHT TO BE CONDEMNED—EVIDENCE—REMOTENESS. Evidence of what rent was paid for the land in question for the year preceding the one in which the action was commenced was not too remote on the issue of damages; it being proper to show the rental value of the premises, and what rents were paid therefor at and for a reasonable time before the action was commenced. (Page 67.)

3. EMINENT DOMAIN—VALUE OF PREMISES—EVIDENCE—RENT. Though the amount paid as rent for premises sought to be condemned by a railroad may not have been material to the issue of value, yet where the evidence was elicited solely to show the rental value of the premises, it was prima facie at least proper as affording some criterion of value. (Page 68.)

4. WITNESSES—CROSS-EXAMINATION—VALUE OF LAND. In a railroad's proceedings to condemn land, the court properly permitted the road, on cross-examination of the landowner's witness, to show that the witness had an option to purchase the land at a certain price. (Page 68.)

5. TRIAL—MISCONDUCT OF JUROR—WAIVER BY FAILURE TO COMPLAIN. If the landowner in condemnation proceedings thought a juror was

Appeal from First District.

guilty of misconduct in noting points adverse to the landowner, he should have called the court's attention to the fact when it occurred, and not have waited to see whether the controversy would be determined in accordance with his wishes.   (Page 68.)

6.  TRIAL—IMPEACHMENT OF VERDICT BY JUROR.   A juror may not be heard to impeach his own verdict, and the same effect may not be indirectly reached by proving the declarations of a juror.   (Page 70.)

7.  TRIAL—MISCONDUCT OF JUROR—PROOF.   If a juror is actually guilty of misconduct, one or more of the other jurors may testify to the facts constituting the alleged misconduct, or it may be proved by any witness who observed and knows the facts.   (Page 70.)

8.  APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—OBJECTION TO EVIDENCE.   Unless evidence is objected to in the court below, the objection cannot be urged for the first time in the appellate court.   (Page 71.)

9.  TRIAL—REJECTION OF EVIDENCE—LACK OF OBJECTION.   The trial court properly refused to consider affidavits embodying the declarations of a juror in impeachment of the verdict, though no objection was interposed to them by opposing counsel.   (Page 71.)

10.  NEW TRIAL—ABSENCE OF WITNESS—DUTY OF COUNSEL TO ACT.   Where the fact that defendant's witness could not be present at trial must have been known to defendant's counsel at the time of trial, he should have acted then with respect to the matter, and, not having done so, there is nothing for the Supreme Court to review in denial of defendant's motion for new trial on the ground of accident and surprise.   (Page 71.)

11.  NEW TRIAL—CUMULATIVE EVIDENCE.   New trial should not have been granted merely to enable defendant to present cumulated evidence.   (Page 72.)

12.  EMINENT DOMAIN—VALUE OF LAND—SUFFICIENCY OF EVIDENCE.   In a railroad's proceeding to condemn land, evidence as to the value of the land *held* to sustain the verdict.   (Page 72.)

13.  EMINENT DOMAIN—QUESTIONS REVIEWABLE—AMOUNT ALLOWED FOR LAND CONDEMNED.   Where there is ample evidence in support of the jury's verdict in proceedings to condemn land, the Supreme Court cannot review the evidence respecting the amount allowed by the jury.   (Page 72.)

Appeal from District Court, First District; *Hon. J. D. Call.* Judge.

Proceedings by Ogden, Logan & Idaho Railway Company against Clare D. Jones and others, to condemn land.

From the portion of the judgment awarding damages, the named defendant appeals.

AFFIRMED.

*Ricey H. Jones* for appellant.

*Boyd, Devine & Eccles* for respondent.

FRICK, C. J.

The plaintiff instituted this proceeding under our eminent domain statute to condemn a strip of land sixty-six feet wide by 879 feet in length, amounting to one acre and a third, for a railroad right of way over the land of the defendant Clare D. Jones. The complaint is in the usual form in such actions. The defendants other than Jones were made parties to the action upon the allegation in the complaint that they claim "some interest" in the lands aforesaid. Their interests are not involved here, and no further reference will be made to them herein. The defendant Clare D. Jones, the owner of the land, filed an answer in which he alleged that the value of the strip of land taken and the damage to the remaining portion amounted to $3,000, and prayed judgment for that amount. The case was submitted to a jury, which found the value of the strip of land taken to be $300 and the damage by reason of the construction of the railroad to the portion not taken $450, or $750 in all. The court made findings of fact, conclusions of law and judgment as required by our statute in such proceedings in favor of the plaintiff, and also entered judgment on the verdict for the value of the land and the damages as aforesaid in favor of the defendant Clare D. Jones. The latter alone appeals from that portion of the judgment awarding damages, and he has assigned a number of errors which we will now proceed to consider.

The appellant contends that the trial court erred in fixing the time at which the value of the land taken and the damages to the portion not taken should be determined. Our statute (Comp. Laws 1907, Sec. 3599) fixes the time for determining the value of the land and the damages "at the date of the service of the summons." In this case, however, appellant, for the reasons hereafter appearing, entered his voluntary appearance, and hence no summons was served on him. The record shows that the complaint was filed July 29, 1915. Plaintiff thereafter, and pursuant to Comp. Laws 1907, Sec. 3597, made application to the district court in which the action was commenced for an order of possession and occupancy of the strip of land sought to be condemned as in the section provided. It is there provided that after the commencement of the action the plaintiff may move the court "for an order permitting the plaintiff to occupy the premises sought to be condemned, pending the action, and to do such work thereon as may be required for the easement sought, according to its nature." For the purpose of obtaining such an order notice must be given to the defendant in the action. In this case no notice was served on appellant for the reason, as contended by respondent's counsel, that the appellant had, by his attorney, voluntarily appeared in the action. Appellant's counsel, on the other hand, contends that he did not appear in the action until the 20th day of March, 1916, the date on which the answer was filed and the date on which the trial was had. Appellant's counsel concedes that he appeared in open court when the order for occupancy was made, and that he stipulated what the amount of the bond should be which is required by section 3597, supra, and that he had entered into an agreement with plaintiff's counsel stating it in his own language, that defendant "could have what time he wanted" to file an answer. Upon that question the record shows that both counsel for the respondent and for appellant appeared in open court on the 6th day of August, 1915, at which time the court made an order for occupancy pending the action and fixed the amount of the bond aforesaid in accordance with counsel's stipulation. The record is as follows:

''On this day the matters herein come on regularly for hearing upon plaintiff's motion for possession of certain premises described in plaintiff's complaint filed herein, upon stipulation between the parties, and, the court being sufficiently advised, it is ordered that the plaintiff be and it is hereby granted permission to enter upon the land set forth in plaintiff's complaint for the purpose of constructing its railroad upon filing a bond in the sum of $4,000, $1,000 to defendant L. D. Wilson and $3,000 to the other defendants as particularly set forth in the order for possession, dated, signed, and filed herein this 6th day of August, 1915.''

The court signed the order on that date in accordance with the terms stated in the foregoing entry.

It is also admitted by counsel for appellant that the proceedings were had as stated in the entry, but he insists that he did not enter an appearance in the action, and that what he did does not constitute a general appearance in the case. It is also admitted that where a summons is not served, the time at which the value of the land and the damages must be determined under our statute is the date on which the landowner enters his appearance in the action. The question to be determined, therefore, is whether the appellant made a general appearance in the action on August 6, 1915, when the order for occupancy was made and the amount of the bond fixed, or whether no appearance was made until he filed his answer.

We are of the opinion that appellant appeared generally in the action on August 6, 1915, and that the district court was right in fixing that date as the time for determining the value of the land taken and the damages to the portion not taken. The question of what constitutes a general appearance by one who is made a party to an action has frequently been considered by the courts. In 3 Cyc. 504, the general rule of what constitutes a general appearance is stated thus:

''Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court will amount to a general appearance.''

To the same effect is the language in 4 C. J. p. 1333, where cases in support of the text are cited. In 1 Sutherland's Code Pl. & Pr. sections 1101, 1102, the law is stated to be to the same effect as in 3 Cyc., supra. The following cases are to the same effect: *Rogue River M. Co.* v. *Walker,* 1 Or. 341, *Belknap* v. *Charlton,* 25 Or. 41, 34 Pac. 758, and *Winter* v. *Union Packing Co.,* 51 Or. 97, 93 Pac. 930.

We think it follows, therefore, that appellant's counsel, in going into court on August 6, 1915, after the action was commenced, and there, in open court, stipulating that the court might enter an order for occupancy, and agreeing to the amount of the bond, and in thereafter stipulating with plaintiff's counsel for time to answer, in the language of Cyc., most clearly "recognized the case as in court." Had the case not been in court, no order for occupancy, under our statute, could have been legally made by the court. In the further proceedings in the case, however, appellant relied, and still relies, on such order, and on the bond directed to be given by the court as before stated. We think, therefore, that under all the authorities, which it is not necessary to review further, what was done, as above outlined, constituted a general appearance by appellant, and hence this assignment must fail.

It is next contended that the district court erred in permitting the plaintiff to show, on cross-examination of appellant's witness, what rent was paid for the land in question for the year 1914. The evidence was elicited by plaintiff for the purpose of showing the value of the land. In the same connection it is also urged that the court also erred, on the same cross-examination, in permitting plaintiff to show that the witness had an option to purchase the land at a certain price. With respect to the first proposition it is contended that the rental value of the land for the year 1914, the year preceding the one in which the action was commenced, was too remote, and that what was paid as rent for the land was immaterial. If the cross-examination was proper otherwise, the objection that the time was too remote is not tenable. The fact that the evidence was elicited on cross-examination of

appellant's witness must not be overlooked. Moreover, it must be remembered that much latitude is generally allowed on cross-examination on the question of value. The general holding of the courts is to the effect, however, that for the purpose of proving value of the premises in question it is proper to show the rental value of the premises and what rents were paid therefor at and for a reasonable time before the action was commenced. 2 Lewis, Eminent Domain (3d Ed.) Section 670; *Levenson* v. *Boston El. Ry. Co.,* 191 Mass. 75, 77 N. E. 635; *Peabody* v. *New York, N. H. & H. R. Co.,* 187 Mass. 489, 73 N. E. 649; *Union Ry. Co.* v. *Hunton,* 114 Tenn. 609, 88 S. W. 182.

While, strictly speaking perhaps, the amount that was paid as rent may not have been material, since that may not have indicated the true rental value of the premises, yet where, as here, such evidence is elicited for the sole purpose of showing the rental value of the premises, it, under all of the authorities, is, prima facie at least proper as affording some criterion of the value of the premises.

Nor can the contention prevail that the court erred in permitting plaintiff, on cross-examination of the same witness, to show that he had an option to purchase the premises at a certain price. While the owner may not show that he was offered a certain price for the land in question for the purpose of proving his damages, yet the condemner may show that the owner had offered the property for sale at a certain price, especially when such offer is much less than the value now claimed by the owner. *Springer* v. *City of Chicago,* 135 Ill. 552, 26 N. E. 514, 12 L. R. A. 609; 2 Lewis, Eminent Domain (3d Ed.) Section 666. The owner may, however, always explain the offer and why it was made.

It is next urged that the court erred in refusing to grant a new trial upon the ground of misconduct of one of the jurors. The only evidence of the alleged misconduct of the jurors appears in the affidavits of appellant and his counsel. One of the grounds of misconduct, stated in appellant's own language, is "that during the trial of said cause affiant saw the juror Evans take out a piece of paper and

take notes of points that were adverse to affiant.'' If it were conceded that what the juror is said to have done constituted misconduct, yet how can the appellant avail himself of it after the trial, when he himself admits that he saw the conduct of the juror which is complained of, but made no complaint with respect thereto to any one? If appellant thought the juror was guilty of misconduct in doing what it is now alleged he did, appellant should have called the court's attention to the fact when it occurred, and not wait to see whether the controversy would be determined in accordance with his wishes. Under such circumstances one may not speculate upon the result and complain only when he is disappointed. In remaining silent appellant waived the misconduct, if such it was.

It is also contended that the juror was guilty of misconduct in the jury room during the deliberations of the jury, and that he opposed appellant's cause while he espoused or defended that of respondent respecting the value of the land and the damages that should be awarded to appellant. As before stated, the only evidence of misconduct appears from the affidavits of appellant and his counsel. The affidavits are very voluminous, and it is not practical to set them forth even in substance. It is sufficient to say, however, that the misconduct of the juror was attempted to be proved as follows: After the verdict was returned appellant and his counsel sought and obtained an interview with the juror in question, in which it is contended he admitted certain facts respecting his conduct, and that he did not deny certain other facts, all of which, if true, showed that the juror entertained strong bias or prejudice against appellant and his witnesses, and in view of that, and for other reasons, was disqualified to sit as a juror in the case. The district court refused to grant a new trial for the reasons disclosed by the affidavits, and appellant insists that such refusal constituted error. Respondent's counsel, however, contend that the affidavits were incompetent to prove the alleged misconduct, and that the ruling of the district court should be sustained. The question before us is not whether a new trial should have been granted for the alleged misconduct of the juror, but the question is whether the evi-

dence of the alleged misconduct may be considered at all. In other words, was any competent evidence showing misconduct produced by the appellant?

It is elementary that a juror may not be heard to impeach his own verdict. If that were permitted, one, or perhaps more, of the jurors could be found in every case who, for the sake of appeasing the wrath or soothing the feelings of the losing party, would disclose something for which it could be claimed the verdict should be set aside. Indeed, a juror, or even a number of them, might agree to a verdict with that end in view. The law, therefore, wisely provides that a juror may not disclose facts which would go in impeachment of his verdict; and what a juror may not do directly may not be done indirectly by proving the declarations of a juror.

If a juror is actually guilty of misconduct, one or more of the other jurors may testify to the facts constituting the alleged misconduct, or the same may be proved by any witness who observed and knows the facts. It is well settled, however, that the alleged misconduct of a juror may not be established by merely proving his declarations. In 29 Cyc. 981, the rule is tersely and correctly stated in the. following words:

"The disqualification or misconduct of jurors cannot be proved by evidence of declarations made by them after the rendition of the verdict."

In *Chicago, R. I. & P. Ry. Co.* v. *Brown* (Okl.) 154 Pac. 1161, in the fourth headnote the rule is stated thus:

"Statements made by a juror after the trial of a case to or in the presence of defendant's attorney, tending to show that such juror was an incompetent juror, cannot be shown by the testimony of such attorney."

To the same effect are the following cases: *Richards* v. *Richards*, 20 Colo. 303, 38 Pac. 323; *Siemsen* v. *Oakland, etc., Ry. Co.*, 134 Cal. 494, 66 Pac. 672. See, also, *People* v. *Ritchie*, 12 Utah, 180, 42 Pac. 209.

Appellant's counsel, however, insists that respondent's counsel offered no objection to the affidavits in the court below, and hence the district court erred in not considering them. Many cases are cited upon the general proposition that unless evidence is objected to in the court below, the objection cannot be urged for the first time in the appellate court. As applied to evidence generally, no doubt counsel's contention is correct. The evidence contained in the affidavits, however, was not admissible upon the ground of sound public policy. The district court was therefore bound to disregard the evidence, although no objection was interposed thereto by respondent's counsel. Indeed, in the case of *Siemsen* v. *Oakland, etc., Ry. Co.*, supra, the Supreme Court of California reversed an order of the trial court granting a new trial which was based upon such evidence. The Supreme Court of California held that the evidence could not be considered for the reason that it was against public policy and upon that ground alone reversed the order granting a new trial.

The district court in the present case was therefore right in refusing to consider the affidavits, although no objection was interposed to them by respondent's counsel. The cases cited by appellant's counsel on the proposition just discussed have no bearing here. All that is decided in those cases is that the misconduct of a juror may be shown by his fellow jurors. To that effect are *Griffin et al.* v. *Harriman*, 74 Iowa, 436, 38 N. W. 139, *West Chicago, St. R. R. Co.* v. *Huhnke*, 82 Ill. App. 404, and other cases cited by appellant's counsel.

It is also contended that a new trial should have been granted for other reasons appearing in the affidavits filed in support of the motion for a new trial. One of the reasons urged is accident and surprise. All that is said in appellant's brief upon that question is that a new trial should have been granted upon the ground of "accident and surprise which ordinary prudence could not have guarded against. Defendant's witness James Christensen, a specialist and truck garden expert, was prevented from attending the

trial by reason of the death of his child.'' It is a sufficient answer to say that if such was the fact it must have been known to appellant's counsel at the time of trial, and he should then have acted with respect to the matter. Not having done so, there is nothing for us to review.

Nor is there any merit to the contention that a new trial should have been granted for the reason that there were other witnesses, whose affidavits are filed, by whom appellant could have proved the value of the land taken and the damages to the portion not taken. A sufficient answer to that contention is that the evidence referred to is merely cumulative, and at all events is not of such a nature as to authorize the granting of a new trial under the circumstances of this case.

Finally, it is insisted that the verdict is not sustained by the evidence. In his brief appellant's counsel sets out the testimony of eight of appellant's witnesses who testified to the amount which, in their judgments, appellant should recover for the strip of land taken and for the damages to the remaining portion. The amounts testified to by the eight witnesses are averaged by counsel, the average being $2,808. On the other hand, the respondent produced six witnesses who testified to the amount that in their judgments appellant should recover for the trip of land taken and the damages to the portion not taken. The average of their testimony amounted to $653.88, while the amount allowed by the jury is $750. The contention of counsel that there is no substantial evidence in support of the findings of the jury can therefore not be sustained.

In view that there is ample evidence in support of the verdict we are powerless to review the evidence respecting the amount allowed by the jury. That question has so often been considered and passed on by this court adversely to appellant's contention that no further comment is necessary.

There are one or two other questions raised by appellant's counsel, but they are not of such a nature as to warrant further consideration.

No prejudicial error appearing, the judgment should be, and it accordingly is, affirmed, with costs to respondent.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.