## GRIBBLE v. COWLEY.

No. 6224. Decided April 9, 1941. (112 P. 2d 147.)

*W. D. Beatie,* of Salt Lake City, for appellant.
*J. Vernon Erickson,* of Richfield, for respondent.

MOFFAT, Chief Justice.

This is an appeal from a judgment of no cause of action based upon a jury verdict.

While the facts are not involved in the case, in order to understand what the issues are, it is necessary to state at least substantively a narrative of the controversy.

William Hale Gribble was riding his bicycle on his way home from school at Gunnison, Sanpete County, Utah. The sidewalk over the bridge is raised some six inches above the regular roadway and the pathway approach to the bridge, designated the "San Pitch Bridge." The Gribble lad, instead of lifting his bicycle up the raise in the side-

---

[2]*Ogden L. & I. Ry. Co.* v. *Jones,* 51 Utah 62, 168 P. 548, 551.

walk, went into the highway in crossing the bridge. A collision occurred upon the bridge between the automobile driven by the defendant, respondent in this appeal, and the son of the plaintiff, appellant on appeal. The death of the lad riding the bicycle resulted two days later from the injuries received. The boy was fourteen years of age. H. M. Gribble, father of William Hale Gribble, brough suit for damages charging negligence on the part of the driver of the automobile, Mrs. Emma Cowley.

Following the return of the verdict of the jury of "no cause of action" and the entry of judgment, the plaintiff filed a motion for a new trial, basing the motion upon the following grounds: 1. Misconduct of the jury; 2. Insufficiency of the evidence to justify the verdict; and 3. The verdict is against the law.

The motion for a new trial was denied.

The appeal was taken upon the following assignments of error:

"1. The evidence is insufficient to justify the verdict in the following particulars:

"That there was no issue of contributory negligence in this trial and the jury was instructed that the sole issue in the cause was whether or not the defendant was negligent as alleged in plaintiff's complaint; and that there was no evidence of negligence on the part of William Hale Gribble, the decedent, which said negligence might be imputed to his father, the plaintiff in this action.

"2. Misconduct of the jury in the following particulars:

"(a) Considering in the jury room and discussing the negligence of the defendant and the contributory negligence of the plaintiff's deceased son, when the court had given instruction No. 14, which instruction stated that the sole issue in the cause was the negligence of the defendant.

"(b) That the jury in their jury room discussion, stated that the defendant was guilty of negligence in causing the death of the decedent, and by deciding that the defendant, Mrs. Cowley, was negligent, it then became the duty for the jury to determine just one matter to wit: what amount of damages was sustained by the plaintiff and render a verdict in that amount.

· "(c) That the jury considered facts outside of the scope of the pleadings, and trial, namely, contributory negligence of the decedent,

when the sole issue in the case was, the negligence only of the defendant.

"(d) That the jury sent word to the Judge in the cause that they wished further instructions in the case, and upon being informed that the jury was to read the instructions and decide the case accordingly, that the jury voted on the verdict and three jurors changed their verdict so that the vote was 8 to nothing for 'No Cause of Action,' and that the last vote of the jurors was influenced by the information sent the jury by the Judge of the cause."

There was no issue of contributory negligence either pleaded or submitted to the jury, nor legal issue made as to whether or not William Hale Gribble was negligent. The court's instructions limited the issues to negligence of the defendant and the determination of the amount of damages—if the jury found the defendant chargeable with negligence.

Plaintiff maintains the law to be that "The jury is bound on questions of law, to yield full obedience to the instructions of the court, and this applies as well to that part of the charge defining the issues, as made by the pleadings, as to the law as declared by the court, and made applicable to the evidence," and cites in support thereof the case of *Ryan* v. *Beaver County*, 82 Utah 27, 21 P. 2d 858, 859, 89 A. L. R. 1253.

Defendant agrees that that statement is the law.

Plaintiff, however, contends that the jury disregarded the instructions and the law, as thus stated, by discussing, in their consideration of the issues, while in the jury room, the question of the negligence of William Hale Gribble. Two witnesses claimed and testified they had overheard some of the jury's discussion through an open window and three of the jurors testified that the negligence of William Hale Gribble was considered.

The two witnesses who claimed to have overheard some of the jury's arguments said they heard someone in the jury room say:

"Hale Gribble was more negligent than Mrs. Cowley at the scene of the accident on that particular evening."

The testimony and the affidavits of the two affiants and the three juror's testimony were submitted to the trial court as the basis upon which the motion for a new trial should be granted as claimed by plaintiff, who asserted that such consideration was misconduct on the part of the jury.

There is no merit to the contention that such discussion amounts to misconduct of the jury. The evidence amounts to no more, in layman's language, than the jury discussing the facts of the case and behavior and actions of the respective parties to the unfortunate accident in order to determine whether or not the defendant was liable within the instructions of the court as applied to the evidence. It cannot be said that the language complained of was not proper for argument and discussion by a jury in attempting to determine the proximate cause of the injury and whether defendant was in fact negligent.

Courts should be careful to keep inviolate the sanctity and secrecy of jury room discussions. No juror should be subjected to the pressure of public disclosure of what he says in a jury room in honest analysis of the evidence submitted or the conclusions he may have drawn, if the ultimate finding involves a conclusion.

This court, speaking through Mr. Chief Justice Frick, has stated:

"It is elementary that a juror may not be heard to impeach his own verdict. If that were permitted, one, or perhaps more, of the jurors could be found in every case who, for the sake of appeasing the wrath or soothing the feelings of the losing party would disclose something for which it could be claimed the verdict should be set aside. Indeed, a juror, or even a number of them, might agree to a verdict with that end in view. The law, therefore, wisely provides that a juror may not disclose facts which would go in impeachment of his verdict; and what a juror may not do directly may not be done indirectly by proving the declarations of a juror." *Ogden L. & I. Ry. Co.* v. *Jones*, 51 Utah 62, 168 P. 548, 551.

The jury requested further instructions when counsel were not present and the judge informed the jury to read

the instructions and decide the case accordingly. No objection was made to the instructions given or to the omission of any instruction requested. It is not shown that anything other than the evidence and instructions of the court influenced the jury in arriving at its verdict. No further information was given, according to the record or the contention of counsel for the plaintiff.

Finding no error, the judgment is affirmed.
Costs to respondent.

WOLFE, LARSON, McDONOUGH and PRATT, JJ., concur.