440 P.2d 260

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

**v.**

**BINGHAM GAS AND OIL COMPANY, Theodore A. Eickhoff and Dorothy Eickhoff, his wife, Defendants and Respondents.**

**No. 11055.**

Supreme Court of Utah.

April 30, 1968.

Phil L. Hansen, Atty. Gen., Gary A. Frank, Asst. Atty. Gen., Salt Lake City, for appellant.

Robert S. Campbell, Jr., Elliott W. Evans, Salt Lake City, for respondents.

TUCKETT, Justice:

In January, 1967, the State of Utah commenced these proceedings in the Dis-

trict Court for Tooele County to condemn the property of Bingham Gas and Oil Company and the leasehold interests of Theadore A. Eickhoff and Dorothy Eickhoff for the construction of Interstate Highway 80. After a trial to the court without a jury, the court entered judgment in favor of the defendants in the sum of $27,346.10. The State moved the court for a new trial and also to modify the judgment by reducing the same in the sum of $10,000. These motions were denied.

The court below adopted the capitalization of net income of the property taken to determine its reasonable market value. The State is here contending that the court erred in determining market value upon that criteria.

The property taken for highway purposes consisted of a service station and cafe located some 12 miles west of Grantsville, Tooele County, Utah. The property was situated at the juncture of U. S. Highway 40 and the Dugway Road. The service station and cafe had been in operation since the early 1950's. The service station consisted of double pumps, two 3300-gallon storage tanks, hard surfaced approaches to the pumps and to the parking area serving the cafe. The property was commonly known as the "Timpie Service Station," and the evidence indicates that it was the only filling station and restaurant business between Grantsville and Wendover. In addition to the cafe and service station

there were living quarters upon the premises for the operators of the business.

The owner, Bingham Gas and Oil Company, had entered into a lease with the Eickhoffs for a term of three years with an option to renew for a like term. The lease provided for a base rental of $540 per annum together with a further sum based upon the gallons of gasoline delivered to the service station.

In general, appraisers of real estate use three different approaches for the determination of market value; these are: (1) the market data approach or consideration of comparable sales; (2) the reproduction of cost at the time of taking, less depreciation; and (3) the income approach or capitalization of projected income.

In this case neither side offered evidence of market value based upon the market data approach as it appeared that due to the isolated location of the property in question there were no comparable sales on which to establish value. The owner's appraisers used the cost approach as well as the capitalization approach in determining the market value. The cost approach indicated a market value of the property taken equal to or in excess of the value based upon capitalization.

■ It would seem to us that in view of the special use to which the property had been put prior to taking and its location the most reasonable and practicable method

the trial court could use in its determination of value was the capitalization approach.[1]

 It appears that the findings and judgment of the court below were amply supported by the evidence of record and that the court's determination should not be disturbed. The judgment of the court is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.

1.  Ogden L. & I. Ry. Co. v. Jones, 51 Utah 62, 168 P. 548; United States v. Eden Memorial Park Ass'n, 9 Cir., 350 F.2d 933; County of Maricopa v. Shell Oil Co., 84 Ariz. 325, 327 P.2d 1005; Sill Corp. v. United States, 10 Cir., 343 F.2d 411; Southern Pac. Co. v. Arthur, 10 Utah 2d 306, 352 P.2d 693; United States v. 158.-76 Acres of Land, 2 Cir., 298 F.2d 559, 92 A.L.R.2d 766.