CENTRAL POWER & LIGHT COMPANY,
Appellant,

v.

Claude FREEMAN et al., Appellees.

No. 415.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 29, 1968.

Rehearing Denied Sept. 19, 1968.

**898**

H. K. Howard, Fischer, Wood, Burney & Nesbitt, Allen Wood, Corpus Christi, for appellant.

Thomas R. Bell, William H. Hamblen, Edna, for appellees.

## OPINION

NYE, Associate Justice.

This was a condemnation case tried before a jury in the county court of Jackson County, Texas, resulting in a judgment in favor of the landowners in the amount of $13,334.70. The condemnor has perfected its appeal alleging in six separate points of error, jury misconduct.

A hearing was had before the court on appellant's amended motion for new trial which alleged, among other things, the misconduct of the six-man jury. The jurors were summoned and all testified. At the conclusion of the testimony the trial court found that during the deliberations of the jury and prior to the reaching of the verdict, the following matters were discussed by various jurors: (1) it was mentioned that the verdict should be substantial so that defendants would have enough left after paying their attorneys; (2) that plaintiff was a big corporation and could charge off the amount of the award; (3) that if a line broke it would have to come in contact with something before cutting off; (4) one juror related his personal experience in getting an allowance of about $150.00 per tree as a deduction in his income tax return for trees destroyed by storm Carla; (5) that the wooden poles supporting the line might be replaced with steel towers; and (6) the length of time it would take for the defendants to get their money back at a specified rental value. The court further found that one or more of the jurors did not hear some of these remarks. The trial court concluded, however, that these remarks did not influence the jurors in reaching their verdict and the above occurrences did not result in harm to the appellant and therefore the amended motion for new trial should be overruled.

The effect of jury misconduct must be determined in light of Rule 327, Texas Rules of Civil Procedure. Under this rule the appellate court inquires as to whether or not as a matter of fact an act of misconduct occurred. If the misconduct is proved from the record as a whole, it then must be determined if such misconduct was material and that probable injury resulted to the complaining party before a reversal is justified. It is misconduct for original evidence of material facts to be received by the jury during its deliberations. Jurors must not be permitted to become secret witnesses by testifying and attempting to influence their peers during deliberations. Cases must be tried in the courtroom. Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028 (1943). The trial court found acts which amount to misconduct. The evidence substantiates such finding. Therefore, it is not then a question of fact as to whether such misconduct occurred, but one of law to be determined by the appellate court. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259 (1944); Western Cottonoil Company v. Arnold, 279 S.W.2d 374 (Tex. Civ.App.—Eastland 1955). The effect of jury misconduct commonly called probable injury, is a question of law, and the appellate court is not bound by the trial court's conclusion on this subject. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462 (1943); Scoggins v. Curtiss & Taylor, 148 Tex. 15, 219 S.W.2d 451 (1949); Missouri Pacific Railroad Company v. Kennedy, 403 S.W.2d 909 (Tex.Civ.App.—

Taylor 1966, ref. n.r.e.). We must determine from the record as a whole, whether such acts were material, and were probably injurious to the appellant.

The first misconduct involves a discussion of attorney fees. Of course the mere mention of attorney fees does not of itself constitute harmful error. It is therefore incumbent upon us to examine the circumstances. The first juror questioned by the appellant admitted that a discussion took place relative to attorney fees. The discussion was led by the foreman who made a statement to the effect that because of attorney fees, that if the settlement was too low the landowners would not receive any benefit from the suit. Another juror testified that the statement was made: "Well, let's be sure to make it big enough where he can pay his attorney's fees." These statements were clearly error. Testimony from the jurors substantiated the fact that this occurred very near the beginning of the jury's deliberations and prior to the discussion of the award of damages. Under questioning by the trial judge, the jury foreman admitted attorney fees were discussed and admitted that the discussion was to the effect that if the jury accepted the offer of Central Power & Light, the landowner would be the same as getting absolutely nothing and that the jury should be more realistic. Four of the jurors testified that attorney fees were mentioned and discussed. There was no rebuke by other jurors to this misconduct.

The Supreme Court of Texas had this to say about similar jury misconduct:

"A jury's discussion, when considering the amount of the damages to be awarded the plaintiff, of the attorney's fees that the plaintiff may be required to pay out of what he recovers is material misconduct and is calculated to prejudice the rights of the defendant." Citing cases.

White Cabs et al. v. Moore, 146 Tex. 101, 203 S.W.2d 200 (1947).

■ The appellee landowner testified to the before and after value of his property. His testimony relative to the damages to the easement strip was the exact amount of damages found by the jury. This amount was several times higher than the value set by plaintiff's witness. It was about twice as much as that testified to by two of defendant's own expert witnesses. In view of the size of the verdict, the nature and the timing of the misconduct, the number of jurors who heard the statement, and the fact that the statement was made by the jury's elected leader, we hold that the misconduct was material. The statements made were certainly calculated to be prejudicial and therefore probable harm did occur to the plaintiff. White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200, supra; Missouri Pacific Railroad Company v. Kennedy, supra; Rodman Supply Company v. Jones, 370 S.W.2d 951 (Tex.Civ.App.—Amarillo 1963); Plains Creamery, Inc. v. Denny, 277 S.W.2d 755 (Tex.Civ.App.—Amarillo 1954, n. r. e.); Texas & P. Ry. Co. v. Gillette, 125 Tex. 563, 83 S.W.2d 307 (Tex.Com.App.1935, opinion adopted); Texas & P. Ry. Co. v. Van Zandt, 44 S.W.2d 950 (Tex.Com.App.1932, opinion approved by Supreme Court); Texas & N. O. Ry. Co. v. Parry, 12 S.W.2d 997 (Tex.Com.App.1929, opinion approved by Supreme Court); St. Louis Southwestern Ry. Co. v. Lewis, 5 S.W.2d 765 (Tex.Com.App.1928, opinion approved by Supreme Court).

■ There were other acts of misconduct found by the trial court. One was that the plaintiff was a big corporation and could charge off the amount of the award, and others which amounted to the receiving of other original evidence of material facts during deliberations. The record of these acts of misconduct is not as complete or as fully developed as the discussion of attorney fees by the jury. However, in our opinion, when all of them are taken together and considered with the misconduct first discussed, it reasonably appears that injury to the appellant did occur. Rule 434, T.R.C.P. Appellant did not have the trial by jury to which it was entitled under the law. Sproles Motor Freight Lines, Inc.

et al. v. Long, 140 Tex. 494, 168 S.W.2d 642 (1943); Scoggins v. Curtiss & Taylor, supra; Warnack v. Conner, 74 S.W.2d 719 (Tex.Civ.App.—El Paso 1934). See Jury Misconduct and Harm, 12 Baylor Law Review 355, 385, Justice Jack Pope.

Rule 226a, T.R.C.P., requires the trial court to give such admonitory instructions to the jury that may be prescribed by the Supreme Court. The Supreme Court ordered on July 20, 1966, effective January 1, 1967, that certain oral instructions *shall* be given by the court to the jurors after they have been sworn as provided in Rule 226. Among these instructions under Section II of Rule 226a, the trial court is *required* to hand to each juror a set of written instructions followed by a reading of these instructions to the jury. Two of such written jury instructions that were *required* reading are most appropriate here.

"7. Do not tell other jurors your own personal experiences nor those of other persons, nor relate any special information. A juror may have special knowledge of matters such as business, technical or professional matters or he may have expert knowledge or opinions, or he may know what happened in this or some other lawsuit. To tell the other jurors any of this information is a violation of these instructions.

"8. Do not discuss or consider attorney's fees unless evidence about attorney's fees is admitted."

Rule 226a T.R.C.P., Section II. Although the record is not clear whether this rule was complied with, we are confident that on another trial of this case, these rules will be followed.

In view of the disposition we have made here, it is unnecessary to discuss the appellant's first point of error.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.