452 P.2d 869

**SALT LAKE COUNTY, Plaintiff
and Appellant,**

**v.**

Nobumichi KAZURA * * * Frank E. Roberts, Harold F. Roberts, Beth Purdue, Roberta Berrey and Carrol Bunnell, Defendants and Respondents.

**No. 11011.**

Supreme Court of Utah.

Feb. 28, 1969.

314

Gordon B. Christenson, Salt Lake County Atty., Gerald E. Nielson, Special Asst. County Atty., Salt Lake City, for plaintiff and appellant.

Robert S. Campbell, Jr., Stewart M. Hanson, Jr., Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

This case involves condemnation by Salt Lake County of the Colonial Hotel at 140 West First South, Salt Lake City, to use the land in the construction of the new (1968) Salt Palace and Convention Hall complex. The expert testimony set values ranging from the County's estimate of $67,000 to a maximum of $120,600 by the defendant. The jury verdict was for $97,500. The County appeals, contending that certain erroneous rulings on evidence resulted in an excessive verdict.

The hotel, just on the edge of the main business area of Salt Lake City, had been built prior to the turn of the century. It was a five-story structure of brick with a stone foundation; 24 apartment units and 70 hotel rooms. For some years the basement was occupied by a popular Chinese restaurant known as the Pagoda, but which had removed to a more favorable location some years prior to the condemnation. It was shown that in recent years

the hotel had averaged about 75% occupancy, but that this had dropped substantially after it became known that the area was to be taken over for the construction of the Salt Palace.

■■ Error is charged in sustaining objection to testimony about the valuation and sale of another hotel known as the Upland Hotel which plaintiff claims was sufficiently similar and comparable to be of assistance to the jury in placing a value on the Colonial Hotel, here in question, citing Nichols on Eminent Domain. We have no disagreement with the rule stated, but it is to be noted that that well known authority also states:

> * * * Whether the properties are sufficiently similar to have some bearing on the value under consideration, and to be of any aid to the jury, must necessarily rest largely in the sound discretion of the trial court, which will not be interfered with unless abused.[1]

The dissimilarities indicated in the respective properties were sufficient to preclude a ruling by us that the trial court abused its discretion in rejecting the proffered evidence.

■ Another ruling on evidence assigned as error is the admission of appraised value which involved the use of capitalization on income. It must be recognized that when the taking of property is forced, so that the true and acid test of value: the sale on the open market by a willing seller to a willing buyer, cannot be employed, there is always some degree of uncertainty and the price cannot be determined with mathematical exactness. The price which is fair to both sides must therefore be arrived at by some other method. It is sometimes stated that "the best way to do a thing is as good as any." When the parties cannot agree, one of the best ways we know of is by a court and jury. They, in turn, must base their judgment upon the evidence. This usually includes the opinions of persons having special knowledge and experience who are thus classified as experts.

■ In making their evaluations of property experts commonly consider three main approaches: (1) the market data as to value including the sales of comparable properties; (2) the costs of construction or of reproduction, taking into account depreciation; and (3) the capitalization of the actual or potential income of the property. These methods are usually not employed separately and in isolation from each other, but are considered and compared together, with varying emphasis placed thereon, depending upon the individual circumstances and the available information, in arriving at a composite appraisal of value. That is what was done in this case. This court has but recently in the case of State, By and

1. Nichols, Eminent Domain, Sec. 21.31, Vol. 5, p. 442 (3d Ed.).

Through Road Comm. v. Bingham Gas & Oil Co.[2] had occasion to refer to these methods with approval; and we expressly stated therein that the capitalization approach was one reasonable and practical method to be used in determining value. It not only has the approval of this court, but is generally so recognized and approved.[3]

■ We also reject the plaintiff's further argument that the evidence of projected income of the hotel is so uncertain and conjectural that estimates of value in which it was used should have been rejected. We, of course, appreciate that when a hotel is demolished no one can say for certain how much income it would have produced had it continued to operate. We note that the problem here involved is different and distinguishable from cases where the recovery of damages sought is based directly upon anticipated future profits from the property.[4] The problem which the trial court dealt with, and which now confronts us, is the competence of expert testimony as to value which has taken into account the several factors usually considered in making such an appraisal, including the potential of the property for producing income. Incidentally this was done by the appraisers for both sides, each of whom thought ability

to produce income was one of the factors properly to be taken into consideration in making the appraisal. The testimony of the defendants' expert Mr. Maxwell S. Loll demonstrated that he had made quite a thorough investigation, including the operations of eight or ten generally similar hotels, in arriving at his evaluation of $120,600 for the subject property.

■ The final claim of error necessary to discuss is the plaintiff's assertion that it was prejudiced by the fact that defendants' counsel, in cross-examination of the plaintiff's expert witness, asked if the County itself had not placed a valuation of $130,000 on the property for tax purposes. It is so well known that valuations for tax purposes are often out of proportion to true market values that the general rule is that the assessed value of property is not admissible as evidence of its market value.[5] For that same reason, a party ordinarily should not be permitted to do indirectly what cannot be done directly by asking a witness the assessed value on cross-examination. But in any event the incident just referred to could not properly be regarded as reversible eror here because it is not shown that there was any answer and we can see no reason to assume that the mere

2. 21 Utah 2d 66, 440 P.2d 260.
3. See Nichols, Eminent Domain, Vol. 4, p. 113.

4. See Van Zyverden v. Farrar, 15 Utah 2d 367, 393 P.2d 468; and State v. Tedesco, 4 Utah 2d 248, 291 P.2d 1028.
5. See discussion in Nichols on Eminent Domain, Vol. 5, Sec. 22.1, and cases there cited.

asking of the question prejudiced the jury. Their oath is to try the case on the sworn testimony and the evidence which is admitted; and the court's instructions included an admonition that the statements of counsel are not to be regarded as evidence.[6]

We are not persuaded that there was any error or irregularity which was prejudicial in the sense that in its absence there is a reasonable likelihood that the result would have been substantially different.

Affirmed. Costs to defendants (respondents).

CALLISTER, TUCKETT and ELLETT, JJ., concur.

HENRIOD, J., concurs in the result.

[redacted]

6. Jury Instruction Forms Utah, Inst. No. 3.6 was given.