**Alexander Lelo LEAL, Appellant,**

**v.**

**ALUMINUM COMPANY OF AMERICA,
Appellee.**

**No. 455.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 7, 1969.

Kligore & Cole, Emmett Cole, Jr., Victoria, Thomas R. Bell, Edna, for appellant.

Guittard, Henderson, Jones & Lewis, O. F. Jones, Victoria, for appellee.

## OPINION

NYE, Justice.

This is a personal injury damage suit. The jury found the defendant negligent and the plaintiff contributorily negligent. The principal question upon appeal is one of jury misconduct. Proof of the alleged misconduct arose in an unusual manner. The trial court denied the motion for new trial and the plaintiff has perfected his appeal to this Court.

During the time the jury was deliberating, the trial judge was called to the ad-

joining county to receive the report of a grand jury of that county. In his absence and while the jury was deliberating, the attorneys sat in the jury box near the door of the jury room and listened to the discussions of the case by the members of the jury. Based upon what was overheard the attorney for the plaintiff prepared and presented his motion for new trial alleging jury misconduct. To fortify his motion for new trial, the plaintiff's attorney offered to take the witness stand and testify under oath as to what he heard through the closed door of the jury room. The trial court refused to admit his testimony, whereupon the attorney made a bill of exception which is a part of the record before us and is the basis for one of his points of error.

Appellee in a counterpoint contends that the motion for new trial was not timely nor properly presented insofar as the misconduct of the jury was concerned. Therefore, appellee says the trial court was correct in overruling the motion, for this reason alone. Actually, the plaintiff filed his original and amended motions within the time prescribed by the rules. Several days after his amended motion was filed, plaintiff filed an affidavit of one of the jurors. It is this affidavit that appellee contends amounts to a second amendment to the motion for new trial and is not authorized by the rules. We overrule this contention.

■ Since the motion for new trial had already contained the allegation of jury misconduct, the affidavit did not raise a new ground of error. In the absence of an affidavit or a reasonable excuse for not exhibiting the same, the refusal of the trial court to hear testimony from the jurors on the motion, is a matter within the sound discretion of the trial judge. However, since the trial judge decided to hear and did hear the testimony of two of the jurors, the receiving of the affidavit in support of the first amended motion was purely discretionary, and constituted no error. Allan v. Materials Transportation Company, 372 S.W.2d 744 at 748 (Tex.Civ. App.—Corpus Christi 1963, n. w. h.).

■ The evidence contained in appellant's bill of exception relates to what was overheard by him in the jury room. The appellant contends that the trial court was in error in refusing to receive this evidence. The courts jealously guard the importance of jury service. They are careful to keep inviolate the sanctity and secrecy of jury room discussions. Honest debate or even erroneous logic, should not be subject to public disclosure, since much of the discussions are expressions of the mental operations of the individual jurors. It has long been the law in Texas that jurors should not be questioned about their thoughts. To now sanction eavesdropping of jury deliberations would be against good morals and natural justice. The law and the rules provide an adequate method for disclosing jury misconduct. We hold that it would be against public policy to permit such an invasion of jury room deliberations. The trial court was correct in refusing to receive such testimony. See "The Right of Trial by Jury Shall Remain Inviolate", a handbook for jurors prepared by the State Bar of Texas; Rule 226a, Texas Rules of Civil Procedure; Gribble v. Cowley, 100 Utah 217, 112 P.2d 147 (1941); "The Mental Operations of Jurors" by Justice Jack Pope, 40 T.L.R. 849–866.

The misconduct alleged to have occurred by appellant concerns the jury's interpretation of the court's charge. It is contended that a number of the jurors stated that the plaintiff had the burden to prove that he was not contributorily negligent. The trial court heard two jurors who testified during the hearing on the motion for new trial. The court overruled the motion without making any specific findings of fact.

■ Jury misconduct must be determined in light of Rule 327, T.R.C.P. The appellate court inquires as to whether or not as a matter of fact the complaining party has proved that an act of misconduct occurred.

If the misconduct is proved, and before a reversal is justified, it must be determined if such misconduct was material from the record as a whole and that probable injury resulted to the complaining party. Fountain v. Ferguson, Tex., 441 S.W.2d 506, May 21, 1969; Central Power & Light Company v. Freeman, 431 S.W.2d 897 (Tex. Civ.App.—Corpus Christi 1968, n. r. e.).

Appellant's complaint centers around an issue of contributory negligence which the jury found against him. This issue was that the plaintiff was negligent in being on the forklift truck at the time and on the occasion in question. Appellant's affidavit from one of the jurors in support of his motion for new trial does not show misconduct. It stated that:

"* * * quite a bit of discussion concerning the burden of proof being on Alex Leal (plaintiff) to prove that he had kept a *proper lookout* while riding on the forklift. There was a split opinion as to whether the plaintiff or the defendant had the burden of proof of proving that Leal kept a *proper lookout*. * * *" (Emphasis supplied.)

This particular special issue concerning proper lookout was answered favorably to the plaintiff.

The jurors' testimony during the motion for new trial was indecisive, much of which involved deductions, inferences and reasons which did not amount to misconduct. One of the two jurors was not certain what statements were made and whether the statements of burden of proof were made before or after they had answered the specific special issue or not. Later the juror testified that the jury finally realized where the burden of proof was, and decided then not to pose a written question to the court on this subject. The jury was individually polled and they all agreed to the verdict.

■ It has been held by our Supreme Court that a jury is not guilty of misconduct and the verdict cannot be set aside merely because a juror misconstrued the court's charge and argues an erroneous interpretation to other jurors, so long as the expressed misconstruction does not bring to the attention of the jury the law or facts outside the record. Compton v. Henrie, 364 S.W.2d 179, 182 (Tex.Sup.1963); see also Transamerica Insurance Company v. Beseda, Tex.Civ.App., 443 S.W.2d 915 (decided June 1969, Corpus Christi, not yet published). We hold that the misconduct, if any, was not material, nor from the record as a whole did it cause or probably cause the rendition of an improper verdict. Rule 327, T.R.C.P.; McIlroy v. Wagley, 437 S.W.2d 5 (Tex.Civ.App.—Corpus Christi 1968, n. r. e.).

■ Appellant's other point is that "the trial court erred in overruling appellant's motion for judgment upon the jury's verdict as rendered." This point is too general and too indefinite to invoke the jurisdiction of this Court. The appellant had "two motions for judgment", the original and amended motion. Both are included in the transcript with no indication to which point in which motion he makes reference. Appellant begins his argument by contending that this point of error is germane to paragraph one of the amended motion for new trial, which appeared in pages —— of the transcript. The page number of the transcript is not filled in. The first paragraph of the amended motion for new trial complains of the trial court's error in overruling plaintiff's "motion for judgment" or in the alternative, judgment notwithstanding the jury verdict. The latter motion is not included in the transcript. Appellant's point fails to meet the requirements of a number of the rules of civil procedure relative to briefing.

■ There must be a substantial compliance with the provisions of the briefing rules in order for a litigant to have his points of error considered by the appellate court. Although the rules are to be given a liberal construction to the end that a just, fair, equitable and impartial adjudication of

the rights of the parties may be obtained, a sufficient compliance with the rules is necessary to justify consideration of the point of error. This has been made mandatory by our Supreme Court. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960). From his argument and the challenge he makes to the appellee, the most we can determine from this point of error, is that the point is based upon no evidence of plaintiff's contributory negligence and proximate cause of his injury. We have read the entire record and find that the jury was authorized to make such determination of contributory negligence from the evidence. This point of error is overruled.

The judgment of the trial court is affirmed.

SHARPE, J., (concurring).

I concur in the result.