R. E. BRADBURY et al., Appellants,

v.

The STATE of Texas on the relation of
Bill CLUTTER et al., Appellees.

No. 744.

Court of Civil Appeals of Texas,
Tyler.

Dec. 20, 1973.

Rehearing Denied Jan. 17, 1974.

Wilson F. Walters, Denison, for appellants.

Olan R. VanZandt, Hon. Joe Max Shelton, County Atty., Grayson County, Sherman, for appellees.

McKAY, Justice.

This is a suit brought in the nature of quo warranto asking that an order of the Commissioner's Court of Grayson County, declaring the town of Preston to be an incorporated town, be set aside as a nullity. The suit was brought in the name of the State of Texas by the County Attorney on relation of Bill Clutter, et al., appellees, against R. E. Bradbury, et al., appellants, as alleged officers and employees of the town of Preston, Texas. The case was tried before a jury, and, based upon the verdict, judgment was rendered by the trial court that the alleged incorporation of Preston, Texas, had no legal standing as a body corporate, and that the order of the Commissioners' Court of Grayson County declaring Preston to be an incorporated town be set aside and held for naught, and that the alleged incorporation be dissolved. The appellants were permanently enjoined from acting as officers, agents or employees of the alleged town of Preston.

By their first point appellants contend the trial court erred in failing to grant appellants' Original Motion and Supplemental Motion to Dismiss to which was attached Ordinances 11 through 17 of the town of Preston. Appellants argue that these ordinances were never questioned, and that they constitute findings of fact, and that the trial court could not dissolve the incorporation of Preston without finding these ordinances invalid. This point is without merit inasmuch as the trial court was not called upon to pass upon the validity of these ordinances in holding the incorporation election and order declaring incorporation to be invalid. The ordinances were without force or effect if there was no valid incorporation; therefore, motions to dismiss based upon contents of ordinances passed by a purported city council were properly overruled.

The record reveals that the ordinances 11 through 17 relied upon by appellants were each passed by the City Council on December 20, 1972, with a provision that each of them was effective as of December 1, 1972. This suit was filed December 6, 1972; therefore, the purported ordinances were passed after this suit was filed in an attempt to make them effective retroactively to December 1, 1972, a date prior to the filing of the suit. Apparently,

appellants were attempting to use Art. 1139a, Vernon's Ann.Tex.Civ.St., as authority for validating any irregularities in the procedure or election for incorporation. Art. 1139a, enacted in 1931, appears to be a validating act and not an act enabling towns, by retroactive ordinances, to cure defects or errors or irregularities in the election for incorporation. Point one is overruled.

■ Appellants complain that the town of Preston is a necessary party and must be made a party to the suit. This complaint is without merit. In Mallow v. The State of Texas ex rel. City of Denton, 374 S.W.2d 732 (Tex.Civ.App.—Forth Worth, 1964, writ ref'd, n. r. e.) is found this language:

"* * * where a suit in the nature of Quo Warranto is brought on the theory that a purported municipal corporation is truly nonexistent because it had never been legally incorporated, and that the individuals assuming to compose the governing body should for that reason be ousted from their 'pretended' capacities as officers thereof,—a trial court obtains jurisdiction as to parties as well as subject matter by merely serving only the aforesaid individuals to the extent that it may, in a proper case, render a judgment which both ousts the individuals in said 'pretended' capacities and dissolves the corporation."

The municipality is not a necessary party. Ewing v. State, 81 Tex. 172, 16 S.W. 872.

■ Complaint is also made by appellants that the trial court erred in permitting private counsel retained by Relators (appellees) to try the case without participation by the State's attorney who gave consent to the filing of the case. This point was not raised in appellants' Amended Motion for New Trial and cannot be considered here. Point Two is overruled. Rule 374, Texas Rules of Civil Procedure.

■ By their third point appellants contend "That the trial court erred in overruling the Special Exceptions filed herein by these Defendants." This point is too general and too indefinite to be considered by this court. Leal v. Aluminum Company of America, 443 S.W.2d 942 (Tex.Civ.App.—Corpus Christi, 1969, no writ); National Carloading Corp. v. Kitchen Designs, Inc., 471 S.W.2d 90 (Tex.Civ.App.—Texarkana, 1971, no writ). Appellants filed seven special exceptions to appellees' pleading. There is no order in the transcript showing the disposition of the exceptions by the court; however, there is a notation on a docket sheet that "all exceptions are overruled." Appellants also fail to point out what assignment of error in their Amended Motion for New Trial the point referred to as required by Rule 418, T.R.C.P.

In addition, appellants argument under this point is that "the basic principle in these Special Exceptions is that the petition in quo warranto, or petition in the nature of quo warranto was wholly inadequate and insufficient to plead a cause of action on which a judgment of the Court could be predicated * * *." This is in the nature of the abandoned general demurrer and is without merit.

■ Appellants' point four is "That the trial court erred in overruling these Defendants' Exceptions and Objections to the Court's Charge." We fail to find any assignment of error in appellants' Amended Motion for New Trial which raises this point; therefore, it is overruled. Rule 374, T.R.C.P.

By their point 5a appellants complain "That the trial court permitted verbal testimony to alter, change and contradict the written public record in this case." By argument, appellants reveal that its complaint is directed at the trial court's action in overruling their objection to certain testimony admitted, allegedly in violation of the parol evidence rule. The objection was directed at oral testimony pertaining to the irregularities of the election as being an attempt to vary the terms of the Order of Incorporation signed by the County Judge

and the Charter of the town of Preston, which, it is contended, cannot be done in the absence of a finding of fraud, misrepresentation or duress.

■ As the appellants suggest, some authority exists which would prevent questioning the contents of official documents through the use of parol evidence; subject, of course, to the general exceptions to the operation of the parol evidence rule. However, these general exceptions are precisely what allowed appellees to present parol testimony challenging the legal effectiveness or validity of the official documents. 2 Texas Practice, Evidence, McCormick and Ray, 2d Ed., Sec. 1661, p. 513, provides:

> "The Parol Evidence Rule does not exclude evidence introduced to show that a supposed written contract lacks consideration, or that it is void, voidable, or subject to reformation by reason of mistake, or vitiated by fraud, duress or undue influence, or that it is vitiated on the ground of illegality."

Appellees were attempting to show the official documents declaring the City of Preston to be an incorporated town were void or voidable and of no legal effect; therefore, the parol evidence rule was not violated. This point is overruled.

Complaint is made by points 5b and 5c that there was misconduct of the jury. Attached to appellant's Amended Motion for New Trial was an affidavit of the juror, Virginia Nichols, in which she detailed a statement made by jurors in the jury room while the jury was deliberating. She voluntarily sought out appellants' counsel to give him the information and she was the only juror who testified on the question of jury misconduct at the hearing on appellants' Amended Motion for New Trial. There is no explanation in the record or in appellants' brief why none of the other jurors were summoned or were not called as witnesses on the hearing. The jury was not unanimous, but instead, was a ten to two verdict for appellees, and the juror Nichols was one of the two who did not agree with the verdict returned.

There were three special issues [1] submitted by the trial court to the jury inquiring whether the petition to incorporate the town of Preston was changed to include more area than was included in the field notes at the time the petition was signed by the petitioners, whether such petition to incorporate included within its boundary territory not intended to be used for strictly town purposes, and whether the petition when signed included only the field notes of Preston Shores Subdivision. The juror Nichols testified that the jury foreman, Moore, read Issue No. Two and then took a vote on it, and some juror said he did not understand it, and then Moore said, "well, do you think the town brought the land in to be used as town purposes?" or, "Do you think Mr. Joe Covey wanted to get this land and use it for his own benefit?"

The juror Nichols further testified that later the juror, Arthur, made a statement that "All along I thought that * * * Captain Sanders and Colonel Burch had a

---

1. "SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that the petition to incorporate the town of Preston, Texas was changed to include more area than was included in the field notes at the time the petition was signed by the petitioners whose names are shown to have been attached thereto?

Answer 'we do' or 'we do not'.

ANSWER: we do

SPECIAL ISSUE NO. 2:

Do you find from a preponderance of the evidence that the petition to incorporate Preston, Texas, included within its proposed boundary territory which was not intended to be used for strictly town purposes?

Answer 'we do' or 'we do not'.

ANSWER: we do

SPECIAL ISSUE NO. 3:

Do you find from a preponderance of the evidence that when the petition to incorporate Preston, Texas was signed it included only the field notes of Preston Shores Subdivision of Grayson County, Texas?

Answer 'we do' or 'we do not'.

ANSWER: we do "

feud between them and that is why Captain Sanders brought in this matter and to spite Colonel Burch." She further testified that a juror named Mrs. Armstrong later said in the jury room "the reason those poor old people moved out there in the first place was to get away from taxes, and if they have incorporated the town, they have taxes * * *."

■ Seemingly, the most serious allegation of jury misconduct comes from the attempted interpretation by the jury foreman, Moore, of Special Issue No. Two. His explanation of the issue encompassed additional matters not produced in evidence during the trial of this case. However, Texas Courts have allowed considerable leeway where one or more jurors misconstrue a portion of the court's charge and state the erroneous interpretation to the other members of the jury. Compton v. Henrie, 364 S.W.2d 179 (Tex.Sup., 1963); Adams v. Houston Lighting & Power Company, 158 Tex. 551, 314 S.W.2d 826 (1958); Carter v. Carter, 466 S.W.2d 399 (Tex.Civ.App.—Tyler, 1971, writ ref'd n. r. e.). To hold otherwise would render most of our jury verdicts of little value. Also, we find no indication that any member of the jury was absent when the trial judge or the jury foreman read the charge nor is there a showing that any juror was prevented from reading the charge for himself. We must assume that all members of the jury had access to the court's charge and were able to form their own judgment as to its meaning.

■ The only witness to testify in the hearing on motion for new trial expressly stated that her vote was not influenced by any alleged misconduct. She further attempted to show how alleged misconduct on the part of certain jurors may have influenced the reasoning process of the majority voters. In 56 Tex.Jur.2d, Trial, Sec. 344, p. 709 is found this language:

"On the other hand, the courts cannot undertake to probe the minds of the ju-

rors or supervise their process of reasoning during their deliberations. They will not set aside verdict merely because the jury indulged in speculations as part of the mental process by which it arrived at a verdict, or because an individual juror of his own accord considered an improper fact. In the absence of some overt act of misconduct, the courts do not permit such inquiry. Erroneous conclusions from the evidence or illogical reasons for a verdict do not constitute misconduct. The same is true of the failure of the jurors to comprehend the charge of the court, or to apply the law as given therein to the facts proved."

Much of the testimony given by the juror Nichols endeavored to show what the mental processes were of one or more of the ten jurors who returned the verdict. We think such is improper and unconvincing. Fields v. Worsham, 476 S.W.2d 421 (Tex. Civ.App.—Dallas, 1972, writ ref'd. n. r. e.).

Under Rule 327, T.R.C.P., the party asserting misconduct has the burden not only of proving by a preponderance of the evidence that such misconduct occurred and that it was material, but also of showing that such misconduct probably resulted in injury to him. Marchyn v. Silva, 455 S. W.2d 442 (Tex.Civ.App.—San Antonio, 1970, writ ref'd, n. r. e.); Fountain v. Ferguson, 441 S.W.2d 506 (Tex.Sup., 1969). Those witnesses which could have been called to establish that they had been materially influenced by alleged misconduct were not so called and the showing of probable injury has not been satisfied. Even assuming the statements here complained of do constitute jury misconduct, we do not think the complaining parties, in light of the entire record, have discharged their burden of showing probable injury.

There is yet another reason the alleged misconduct in regard to Special Issue No. Two (the statement made in regard to this issue is the only allegation of misconduct we find worthy of serious consideration) is not material on appeal. From an examina-

**624**

tion of the answers to Special Issues Number One and Three, it appears they would probably be dispositive of the case even if Special Issue Number Two were totally ignored.

We cannot justifiably say that the misconduct complained of was calculated to cause and probably did cause the rendition of an improper judgment. If there was error, we hold it to be harmless. Rule 434, T.R.C.P. Points 5b and 5c are overruled.

Judgment of the trial court is affirmed.